Melvin Lee ALEXANDER, Petitioner,

v.

Patricia A. RUSSELL, Respondent.

No. C–3808.

Supreme Court of Texas.

Nov. 6, 1985.

Merkin & Hines, Stephan A. Hines and Terry G. Pasqualone, El Paso, for petitioner.

Anchondo & Armendariz, Daniel Anchondo and Robert S. Anchondo, El Paso, Richard Barajas, Fort Stockton, David Duran, El Paso, for respondent.

PER CURIAM.

The question in this appeal from a judgment terminating parental rights is whether the judgment was issued by the court of continuing jurisdiction. The court of appeals affirmed the trial court judgment, concluding that the termination proceeding had been conducted in the 243rd District Court, and that Judge Enrique Pena was acting as judge of the 243rd District Court at the time he signed the judgment of termination.[1] 682 S.W.2d 370. Pursuant to Rule 483, Tex.R.Civ.P., we grant the writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and remand the cause to the 243rd District Court for a new trial.

Melvin Alexander and Patricia Russell were divorced in 1978 by judgment of the 243rd District Court. Patricia was appointed managing conservator of their minor child. In 1980, Melvin filed a motion in the 243rd District Court to change conservatorship. By final order in that matter Patricia remained managing conservator. That order states, "the 243rd Judicial District Court disqualified itself from hearing said cause, transferring the same to the 327th Family District Court, with consent of all parties." It further states: "Jurisdiction of the 327th Family District Court is not in issue nor is it being challenged by any party to the lawsuit."

In 1982, Patricia filed a petition to terminate the parent-child relationship between Melvin and the child. The caption on the

1. Judge Pena is judge of the 327th Judicial District Court.

petition reads: "327th Judicial District Court." The termination judgment is also captioned "327th Judicial District Court." Someone, somehow, and at some unknown time, however, changed the caption on the petition and termination judgment to read "243rd Judicial District Court." Other orders in this suit captioned "327th Judicial District Court" remain unchanged. Even the bond in this cause was approved by the District Clerk as being an appeal from the 327th District Court. The termination judgment is signed by Judge Pena simply as "Judge."

Melvin filed his appeal in the 327th District Court and argued that the 327th District Court was without jurisdiction to hear the cause. Patricia argued that the 327th District Court had jurisdiction to hear the cause because the judge of the 243rd District Court disqualified himself and transferred the cause to the 327th District Court. The court of appeals, with one justice dissenting, affirmed the termination, holding that regardless of the recitals in the conservatorship order, the 243rd District Court had retained exclusive jurisdiction in this cause, and the judgment of termination was out of that court.

The court of appeals concluded that as far as the court's record was concerned, the petition and judgment were filed and rendered in the proper 243rd District Court. The court of appeals also concluded Judge Pena was acting as judge of the 243rd District Court, even though he did not state his capacity, at the time he signed the judgment of termination. Nevertheless, the court of appeals recognized that district judges sitting in a multi-district court county should exercise extreme caution and should sign their judgments in their proper capacity.

The action of the district judge in this cause conflicts with section 11.05 of the Texas Family Code.

■ The Texas Family Code states in pertinent part:

[W]hen a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing, exclusive jurisdiction of all parties and matters provided for under this subtitle in connection with the child. No other court of this state has jurisdiction of a suit affecting the parent-child relationship with regard to that child except on transfer as provided in Section 11.06 or 17.06 of this code.

TEX. FAM. CODE ANN. § 11.05(a) (Vernon Supp.1985). Section 11.06 requires a timely motion by any party to the suit to transfer the proceedings. Absent a motion and order of transfer, the 243rd District Court retained exclusive jurisdiction. Despite what the conservatorship order says about the 327th District Court having jurisdiction, there is no order transferring the cause to the 327th District Court. Thus, the 243rd District Court retained jurisdiction. Any attempted transfer of this cause to the 327th District Court was not for a reason authorized under section 11.06 and therefore the judge had no authority to transfer the cause. If the judge of the 243rd District Court found it necessary to recuse himself, the proper procedure was to have another district judge preside in the 243rd District Court; not to transfer the cause.

■ We agree that jurisdiction was proper in the 243rd District Court. We do not agree with the court of appeals that the record conclusively proves that the petition and judgment were filed and rendered in the proper district court or that Judge Pena's signature as "Judge" conclusively proves he was acting as judge of the 243rd District Court at the time he signed the termination judgment.

We hold that because the record does not show that the court with continuing and exclusive jurisdiction was actually the court which exercised jurisdiction in terminating Melvin's parental rights, the cause must be reversed and remanded.

Accordingly, because the court of appeals' opinion conflicts with TEX. FAM. CODE ANN. § 11.05(a) (Vernon Supp. 1985), pursuant to TEX.R.CIV.P. 483, and without hearing oral argument, we reverse

the judgment of the court of appeals and remand the cause to the 243rd Judicial District Court for a new trial.