**Maria D. ORTIZ, Appellant,**

v.

**Maria Elena ARANDA, Appellee.**

**No. 13–86–101–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1986.

Thomas Rocha, Jr., San Antonio, for appellant.

Alice Lozano, Peggy Y. Butler, Legal Aid Ass'n, San Antonio, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

## OPINION

NYE, Justice.

This is a limited appeal from a decree of divorce after a non-jury trial. Appellant Maria D. Ortiz challenges the action of the trial court in modifying custody of a minor child. Appellant Ortiz is the child's paternal grandmother. She was the managing conservator of the child at the time the divorce action was filed. The child's natural mother, appellee Maria Elena Aranda, was made the new managing conservator under the divorce decree. It is this action by the trial court that we are reviewing.

The suit for divorce was filed in the 225th District Court and the motion to modify child custody was filed in the 150th District Court. The 150th District Court was the court of continuing jurisdiction over the child pursuant to that court's order of November 14, 1983, appointing appellant Maria D. Ortiz the child's managing conservator. The motion to modify stated that a divorce action had been filed, and requested the 150th District Court to consolidate the two actions. Neither an order of transfer nor an order of consolidation is in the record.

The statement of facts recites that the trial of the two causes was held in the 57th District Court. Thereafter, the decree of divorce, from which this limited appeal is taken, was entered by the 225th District Court, the court in which the divorce action was filed. A motion for judgment *nunc pro tunc* concerning child support was filed in the 150th District Court and ordered set for hearing by the 57th District Court; however, the record is silent as to the disposition of that motion. Finally, the caption of the transcript recites that the proceedings made the basis of this appeal were had in the 150th District Court.

We have determined, not without encountering some confusion, that the divorce decree is void insofar as it purports to modify the conservatorship of the child. The decree recites on its face that it was entered by the 225th District Court, and the record contains no transfer of the modification action from the 150th District Court as required by TEX.FAM.CODE ANN. § 3.55(c) (Vernon 1975), § 11.06(c) (Vernon Supp.1986). *See Alexander v. Russell*, 699 S.W.2d 209 (Tex.1985); *Ex parte Bowers*, 671 S.W.2d 931 (Tex.App.—Amarillo 1984).

The record does not show that the court which exercised jurisdiction in the modification proceeding was the court with continuing, exclusive jurisdiction. "District judges sitting in a multi-district court county should exercise extreme caution and should sign their judgments in their proper capacity." *Alexander v. Russell*, 699 S.W.2d at 210. Attorneys filing motions or submitting orders should assist the trial judges in this, since the attorneys are most familiar with the case. Additionally, court coordinators should diligently work to assure that court papers are assigned to the proper court.

The order modifying custody is reversed, and the motion to modify is remanded to the 150th District Court. Even on the merits of this case, it would have had to be reversed as there was insufficient evidence 1) that a material and substantial change in circumstances had occurred; 2) that retaining the present managing conservator would be injurious to the child; and 3) that appointing a new managing conservator would be a positive improvement for the child. TEX.FAM.CODE ANN. § 14.08(c)(1) (Vernon Supp.1986).