Roemont JOHNSON, Appellant,

v.

Donna J. PETTIGREW, Appellee.

No. 05-89-00399-CV.

Court of Appeals of Texas,
Dallas.

Feb. 20, 1990.

Michael C. Stephenson, Houston, for appellant.

Nancy B. Amick, Elizabeth W. Segovie, McKinney, for appellee.

Before ENOCH, C.J., and
STEPHENS[1] and ASHWORTH[2], JJ.

## OPINION

ENOCH, Chief Justice.

Appellant, Roemont Johnson, appeals from the trial court's order holding him in contempt for failure to pay child support and granting a judgment of $14,400 in favor of appellee, Donna J. Pettigrew. Johnson assigns two points of error: 1) the trial court lacked jurisdiction to hear the motion for contempt, the motion for judgment on arrearage, and the motion to modify; and 2) the trial court lacked jurisdiction to modify an order of another court that had exclusive, original jurisdiction over the parties and the subject matter. For the reasons discussed below, we reverse the trial court's judgment and remand the cause to the 15th District Court with instructions that this cause be dismissed for want of jurisdiction.

### Procedural History

On December 10, 1982, Pettigrew filed suit in the 59th District Court in Grayson County, Texas, against Johnson to establish paternity and obtain child support. The citation was served on Johnson on January 3, 1983. Johnson did not answer or appear. On February 10, 1983, that court entered a default judgment on paternity finding that Johnson was the biological father of the minor who was the subject of the suit. The court further ordered Johnson to pay $100 semi-monthly in child support.

On August 22, 1988, Pettigrew filed a motion for contempt and a motion to modify in the 15th District Court also in Gray-

---

1. The Honorable Bill J. Stephens, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

2. The Honorable Clyde R. Ashworth, Justice, retired, Court of Appeals, Second District of Texas at Fort Worth, sitting by assignment.

son County, Texas, against Johnson for failure to pay child support.[3] On February 14, 1989, Pettigrew filed her first amended motion for contempt and her motion for judgment on arrearage and for withholding from earnings and her motion to modify. After service of citation, Johnson responded with a "Petition for Review of Judgment" asking the court to quash all service, to abate Pettigrew's contempt motion and to declare the default judgment in this cause void because Johnson had not been properly served with citation.[4]

On March 14, 1989, the court heard Pettigrew's motion for contempt. The judge of the 15th District Court was not available. Therefore, the matter was heard before a visiting judge assigned to the 336th District Court also in Grayson County, Texas. At the hearing, Johnson asserted that the court lacked jurisdiction to hear the contempt motion. He requested a hearing on the question of jurisdiction and also alleged that the visiting judge was without authority to preside over the contempt hearing for the 15th District Court. The objections and request for hearing were overruled. Thereafter, the court granted Pettigrew's motion for contempt and modification, and on March 17, 1989, entered an order in the 15th District Court holding respondent in contempt for failure to pay child support and modifying the prior order.

Johnson argues that the 15th District Court was without jurisdiction in this cause because jurisdiction was never acquired pursuant to sections 11.05 and 11.06 of the Texas Family Code. Johnson also argues that the Judge of the 336th District Court wrongfully exercised jurisdiction over the cause because he tried the case as the 336th District Court and not as the "Presiding Judge of the 15th District Court." Though Johnson failed to assign his points of error to his argument, we can discern them from the brief and therefore will consider them. TEX.R.APP.P. 74.

### Texas Family Code Sections 11.05 and 11.06—Jurisdiction

Pettigrew asserts that Johnson waived his points of error by failing to specifically object to the trial court's subject matter jurisdiction at the trial court. The question of jurisdiction is fundamental and can be raised at any time including for the first time on appeal. *Tullos v. Eaton Corp.*, 695 S.W.2d 568 (Tex.1985); *Qwest Microwave, Inc. v. Bedard*, 756 S.W.2d 426, 434 (Tex.App.—Dallas 1988, orig. proceeding). A court's jurisdiction consists of two elements: jurisdiction of the subject matter and jurisdiction of the person. *Botello v. Salazar*, 745 S.W.2d 540, 541 (Tex. App.—Houston [14th Dist.] 1988, no writ); *Ex parte Bowers*, 671 S.W.2d 931, 935 (Tex.App.—Amarillo 1984, orig. proceeding). If one of the elements is missing, the court's judgment is subject to collateral attack and any judgment or order rendered by the court is void. *Austin Indep. School Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex.1973).

### Subject Matter Jurisdiction

The Texas Family Code states in pertinent part:

### Modification of an Order

A court order or the portion of a decree that provides for the support of a

---

3. Pettigrew asserts that she first attempted to file her motion in the 59th District Court, but the district clerk refused to file the motion because the 59th District Court had become a criminal court. She states that the district clerk informed her that her case had been transferred and directed her to file her motion in the 15th District Court. The record does not demonstrate that the 59th District Court ordered the transfer of this cause to the 15th District Court. However, for the purposes of this opinion, we will assume that the 59th District Court, on its own order, transferred the original cause to the 15th District Court.

4. Johnson begins his brief with the assertion that he is appealing from the original default judgment entered in the 59th District Court. Later in the brief, he asserts that he is appealing the trial court's (15th District Court's) failure to hear his motion to review the default judgment. Neither issue has been brought before this court by points of error and, therefore, neither issue is before this court for consideration. *See San Jacinto River Authority v. Duke*, 783 S.W.2d 209 (1990).

child or the appointment of a conservator or that sets the terms and conditions of conservatorship for, support for, or access to a child may be modified only by the filing of a motion in the court having continuing, exclusive jurisdiction of the suit affecting the parent-child relationship as provided by Section 11.05 of this code. Any party affected by the order or the portion of the decree to be modified may file the motion.

TEX.FAM. CODE ANN. § 14.08(a) (Vernon 1986).

### Continuing Jurisdiction

[W]hen a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing, exclusive jurisdiction of all parties and matters provided for under this subtitle in connection with the child. No other court of this state has jurisdiction of a suit affecting the parent-child relationship with regard to that child except on transfer as provided in Section 11.06 or 17.06 of this code.

TEX.FAM. CODE ANN. § 11.05(a) (Vernon 1986).

### Transfer of Proceedings Within the State

For the convenience of the parties and witnesses and in the interest of justice, the court, on timely motion of *any party,* may transfer the proceeding to a proper court in any other county in the state.

TEX.FAM. CODE ANN. § 11.06(d) (Vernon 1986) (emphasis added).

In *Cassidy v. Fuller,* 568 S.W.2d 845 (Tex.1978), the Texas Supreme Court compared subsection (b) of section 11.06 to subsection (c) (recodified at Tex.Fam.Code Ann. § 11.06(d) (Vernon 1986)). The Court stated, "[i]t is apparent that the two subsections serve distinctive functions.... Subsection [d] is predicated upon the principle of convenient forums...." *Cassidy* 568 S.W.2d at 847. Following this theme, the supreme court decided *Alexander v. Russell,* 699 S.W.2d 209 (Tex.1985). In *Alexander,* the 243rd District Court, El Paso County, entered a final judgment of divorce and, thereafter, disqualified itself from hearing a later motion in the cause to change managing conservator. That court, on its own motion and by final order naming the designated managing conservator, transferred the cause to the 327th Family District Court, El Paso County, with consent of all the parties. The transfer was authorized by the Judicial Districts Act of 1969 which provided in pertinent part:

Whenever a judge of one of the courts is disqualified, he shall transfer the case or proceeding from his court to one of the other courts, and any of the judges may in his own courtroom try and determine any case or proceeding pending in either of the other courts without having the case transferred, or may sit in any of the other courts and there hear and determine any case or proceeding there pending.

TEX.REV.CIV.STAT.ANN. art. 199a, § 2.002(b) (now codified at TEX.GOV'T.CODE ANN. § 24.303(b) (Vernon 1988)). Irrespective of the above statute, the supreme court struck down the transfer by the 243rd District Court to the 327th District Court holding that the 243rd District Court retained exclusive jurisdiction absent a motion by a party to the suit and an order of transfer. "If the judge of the 243rd District Court found it necessary to recuse himself, the proper procedure was to have another district judge preside in the 243rd District Court; not to transfer the cause." *Alexander,* 699 S.W.2d at 210. Since the attempted transfer of the cause to the 327th District Court was not for a reason authorized under section 11.06 of the Texas Family Code, the judge in *Alexander* had no authority to transfer the cause.

In responding that the 15th District Court had jurisdiction after the transfer from the 59th District Court to the 15th District Court, Pettigrew relies upon provisions in the Texas Government Code and Texas Rules of Civil Procedure, which give broad powers to judges in any county where there are two or more district courts to freely transfer cases from one court to another. TEX.GOV'T. CODE ANN. § 24.303(a) (Vernon 1988); Tex.R.Civ.P. 330(e). Logic dictates this to be a reasonable proposition. Certainly, the ability to transfer cases be-

tween courts in the same county is a very necessary tool in the orderly administration of justice. However, it has long been held that the transfer procedures in the Family Code governing suits affecting the parent-child relationship are the exclusive mechanism for transferring the case. *Mendez v. Attorney General of Texas*, 761 S.W.2d 519, 521 (Tex.App.—Corpus Christi 1988, no writ); *Beyer v. Diaz*, 585 S.W.2d 359, 360 (Tex.Civ.App.—Dallas 1979, no writ). We are bound to follow the lead of our supreme court that when a transfer is predicated on the convenience of the parties, or in the interest of justice, it must be based upon a motion of a party pursuant to section 11.06(d). *See Alexander*, 699 S.W.2d at 210; TEX.FAM. CODE ANN. § 11.06(d) (Vernon 1986).

Absent a motion by a party and an order of transfer, the 59th District Court retained exclusive jurisdiction. We hold that because the record does not show that the court with continuing and exclusive jurisdiction was actually the court which exercised jurisdiction regarding contempt and modification, the cause must be reversed and remanded for want of subject-matter jurisdiction. Accordingly, we reverse the judgment of the trial court and remand the cause to the 15th District Court with instructions that this cause be dismissed for want of jurisdiction. Because of this disposition, we do not reach Johnson's remaining arguments.