**Fredrick HATHORN, Appellant,**

v.

**Kim Marie SIVERS, Appellee.**

No. 14–97–00601–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 12, 1998.

Fredrick Hathorn, San Antonio, for appellant.

C. Logan Dietz, Houston, for appellee.

Before MURPHY, C.J., and HUDSON and FOWLER, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from a trial court's order denying Fredrick Hathorn's request to withdraw its order transferring a suit affecting parent-child relationship from the district court in Waller County to the county court of that county. We affirm.

Fredrick Hathorn (Hathorn) and Kim Marie Sivers (Sivers) were divorced on April 26, 1984, pursuant to a decree of divorce signed by the judge of the 9th District Court of Waller County. Hathorn and Sivers had two children, and the decree of divorce determined matters of custody and child support. On March 21, 1991, Sivers filed a motion to transfer the proceedings from the 9th District Court of Waller County to the Waller County Court at Law. Sivers motion contained the following reason for her request:

> [S]ince the time of filing of the above-styled case, a new court has been created with jurisdiction in this matter, the Waller County Court at Law. It is Petitioner's belief that the matters at hand may be handled more expeditiously for the parties and for the District Court, if this case is transferred to the county court.

On March 26, 1991, the district court granted Sivers motion and entered an order transferring the case to the county court. Though the case continued to be docketed under the same case style and number, all further proceedings were heard by the county court at law, including a motion for enforcement pending at the time of the transfer and a 1995 motion for enforcement filed by the Texas Attorney General.

Hathorn claims he did not receive proper notice of the transfer, and it was not until January 7, 1997, that the district clerk of Waller County furnished him certified copies of the motion to transfer and the transfer order. On February 17, 1997, Hathorn filed a motion asking the district court to withdraw its March 26, 1991, transfer order. On April 1, 1997, the district court denied Hathorn's motion; Hathorn perfected this appeal.

■ In his first point of error, Hathorn claims the district court erred in denying his motion because the court could not transfer the suit affecting the parent-child relationship to the county court at law. He argues that because the entry of the decree of divorce conferred continuing jurisdiction on the 9th District Court and Sivers and the children remained in Waller County at all times thereafter, the district court never lost jurisdiction. He further contends that the transfer procedure outlined in section 155.204 of the Texas Family Code was not followed in this case, thereby rendering the transfer ineffective.[1] Finally, he contends that what occurred in this case is an "intra-county transfer," which is not permitted even by agreement of the parties. Sivers responds by arguing that Hathorn's motion was properly denied because section 155.202(b) of the Texas Family Code, and the case law interpreting that section, permits the transfer when there is a timely motion requesting the transfer and an order granting the transfer.

The Family Code provides that a court acquires continuing exclusive jurisdiction over matters in connection with a child upon the rendition of a final order. TEX. TEX. FAM.CODE ANN.CODE ANN.CODE ANN. § 15.001(a) (Vernon 1996). Once a court has acquired continuing, exclusive jurisdiction, no other court of this state has jurisdiction of a suit with regard to the child except as otherwise provided by chapters 155 or 262 of the Family Code. TEX. TEX. FAM.CODE ANN.CODE ANN.CODE ANN. § 155.001(c) (Vernon 1996). Except as otherwise provided by subchapter A of chapter 155, a court with continuing, exclusive jurisdiction retains jurisdiction of

---

1. Hathorn does not specifically state the way in which the transfer deviated from the procedures outlined in section 155.204. After reading the entire argument contained in his brief, however, we assume that his complaint is that he did not receive notice of the motion to transfer or of the order. Hathorn's second point of error complains that he did not receive proper notice, therefore, we will deal with this argument within that point.

the parties and the matters before it. TEX. TEX. FAM.CODE ANN.CODE ANN.CODE ANN. § 155.002 (Vernon 1996).

From these sections, it is clear that the Legislature intended the transfer procedures provided by the Family Code in chapters 155 and 262 to be the only mechanism for the proper transfer of suits affecting the parent child relationship.[2] *Kirby v. Chapman*, 917 S.W.2d 902, 907 (Tex.App.—Fort Worth 1996, no writ) (citing *Johnson v. Pettigrew*, 786 S.W.2d 45, 47–48 (Tex.App.—Dallas 1990, no writ)). We agree with the courts in *Kirby* and *Johnson* that the exclusive transfer provisions provided in the Family Code negate the ability to transfer cases freely between courts in the same county. *See id.* Thus, the question is whether this case was properly transferred by the 9th District Court to the County Court at Law as provided for by section 155.202 of the Family Code. *See Kirby*, 917 S.W.2d at 907.

Section 155.202 of the Family Code states:

For the convenience of the parties and witnesses and in the interest of justice, the court, on timely motion of a party, may transfer the proceeding to a proper court in another county in the state.

TEX. TEX. FAM.CODE ANN.CODE ANN.CODE ANN. § 155.202(b) (Vernon 1996). This section requires a timely motion by any party to the suit to transfer the proceedings. Absent a motion and an order, the court that originally acquired continuing, exclusive jurisdiction of the proceedings retains jurisdiction. *Kirby*, 917 S.W.2d at 907.

In *Kirby*, the parties were divorced by decree entered in the 231st District Court of Tarrant County. *Id.* at 905. According to a docket notation entered in 1991, the case was transferred to the 325th District Court of Tarrant County "by agreement of both law-

yers & judges." *Id.* In 1994, the judge of the 325th District Court transferred the case back to the 231st District Court, apparently *sua sponte. Id.* at 906. The 231st District Court then removed appellant as sole managing conservator.

On appeal, the appellant argued the 231st District Court lacked subject matter jurisdiction when it rendered the judgment removing her as sole managing conservator. *Id.* 906. The appellant argued that the 325th District Court still had continuing, exclusive jurisdiction of the case, and therefore, any order by the 231st District Court was void. *See id.*

The Fort Worth Court of Appeals held that the original transfer to the 231st District court was invalid, even though the docket notation stated it was done with the agreement of all parties, because there was never any motion made by any party to transfer the case for a reason authorized by section 11.06(d) of the Family Code, now section 155.202.[3] *Id.* at 907. Additionally, the court noted there was no written order transferring the case from the 231st District Court to the 325th District Court. *Id.* Because the original transfer was invalid, the 231st District Court never lost its continuing, exclusive jurisdiction, and therefore, its order removing the appellant as sole managing conservator ·was not void for lack of subject matter jurisdiction. *See id.*

Based on the court's reasoning in *Kirby*, it is obvious that if there had been a motion asking for the transfer for the convenience of the parties and witnesses and in the interest of justice and an order based on the motion, the "intra-county" transfer would have been effective. *See id.*

The court in *Kirby* relied on a decision by the Texas Supreme Court. In *Alexander v.*

---

2. Chapter 262 concerns suits by a governmental entity and has no application to the present case.

3. When the Texas Legislature revised the Texas Family Code in 1995, section 11.06(d) became section 155.202(b). When it was renumbered, the text did not change. We recognize that former section 11.06(d) and section 155.202(b) refer to transfers to other counties in the state, not intra-county transfers. The case law, however,

refers to these sections of the Family Code when dealing with intra-county transfers. *See Alexander v. Russell*, 699 S.W.2d 209, 210 (Tex.1985) (referring to section 11.06 when dealing with an intra-county transfer); *Kirby v. Chapman*, 917 S.W.2d 902, 906–07 (Tex.App.—Fort Worth 1996, no writ (same)). We see no reason to treat intra-county transfers differently, and therefore find section 155.202(b) is applicable to this case.

*Russell,* 699 S.W.2d 209, 209 (Tex.1985), Alexander and Russell were divorced by judgment of the 243rd District Court. Ultimately, the 243rd District Court disqualified itself and transferred the case to another district court in the same county, the 327th District Court. *Id.* This transfer was done with the consent of all of the parties. *Id.*

Four years after the couple was divorced, Russell moved to terminate the parent-child relationship between Alexander and the child of their marriage. *Id.* at 210. The caption on the petition was to the 327th District Court; however, someone changed the caption to read "243rd District Court." *Id.* The judge of the 327th District Court granted Russell's motion to terminate. *Id.* at 209–210 n. 1.

On appeal, the court of appeals affirmed the termination holding that regardless of the recitals in the order, the 243rd District Court had retained exclusive jurisdiction of the cause, and the judgment was out of that court. *Id.* at 210. Alexander appealed the case to the Texas Supreme Court, which reversed the decisions of the trial court and the court of appeals. *Id.* at 210–11. The court held that "[a]bsent a motion and order of transfer, the 243rd retained exclusive jurisdiction." *Id.* at 210. The court reasoned that any attempted transfer was "not for a reason authorized under section 11.06 [now section 155.202] and therefore the judge had no authority to transfer the cause." *Id.* Because the record did not conclusively prove that the judge was acting as the judge of the 243rd District Court at the time he signed the termination judgment, the case had to be reversed and remanded. *Id.*

As we interpret *Alexander,* if the parties had filed a motion asking for a transfer for the convenience of the parties and in the interest of justice and the trial court had entered a written order granting the transfer, then the transfer would have been proper. *Id.* It was only the parties' failure to comply with the mandates of the Family Code that rendered the transfer ineffective. *Id.*

In this case, Siver's motion specifically stated that the transfer was sought because she believed "that the matters at hand may be handled more expeditiously for the parties and for the District Court, if this case is transferred to the county court." We find that this is simply another way of stating that the request is for the convenience of the parties and in the interest of justice, a reason specifically authorizing transfers under section 155.202 of the Family Code for discretionary transfers. *See* TEX. TEX. FAM.CODE ANN.CODE ANN.CODE ANN. § 155.202(b) (Vernon 1996). Thus, based on *Kirby* and *Alexander,* we hold that the transfer to the county court at law was appropriate under section 155.202(b) because there was a proper motion and order. We overrule Hathorn's first point of error.

■ In his second point of error, Hathorn claims the March 26, 1991, transfer order is void because it was done without notice and hearing. The judge of the County Court at Law for Waller County at the time of the transfer and at all times thereafter was Judge June Jackson. Her signature appears on the March 26, 1991, order accepting jurisdiction of the case. After the transfer, Judge Jackson entered an "Agreed Order Enforcing Child Support Obligation" on April 1, 1996. Hathorn's signature, as well as his attorney's, appears on the document as approving the order. Similarly, Judge Jackson signed an agreed order concerning child support arrearages on May 31, 1991. According to the order, Hathorn's attorney appeared for Hathorn and signed the agreed order on Hathorn's behalf. Moreover, Hathorn admits in his brief that while the case continued to be docketed under the same style and number, the documents in the record, including those reference above, show the effect of the transfer order.

Accordingly, we find that Hathorn was aware of the transfer and proceeded in the County Court at Law thereafter. While there is nothing in the record specifically showing notice of the motion to transfer, the fact that Hathorn participated in proceedings before the county court at law is evidence that he did receive notice of the transfer. We overrule point of error two.

We affirm the trial court's order transferring the case from the 9th District Court of

Waller County to the County Court at Law of Waller County.

