**AFFIRMED; Opinion Filed January 14, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01311-CV

### IN THE INTEREST OF N.A.A. AND K.D.A., CHILDREN

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-52696-06**

## MEMORANDUM OPINION
Before Justices Francis, Evans, and Stoddart
Opinion by Justice Evans

Father[1] appeals from the trial court's order granting Mother's counter-petition to modify the parent-child relationship. Representing himself without an attorney, Father presents four issues in which he (1) challenges the order denying his motion to disqualify Judge Benjamin Smith of the 380th District Court, (2) asserts all orders rendered by Judge Smith after the denial of his motion to disqualify are void, (3) complains Judge Smith denied him access to the court by failing to timely set hearings for his motions, and (4) contends Judge Smith denied him due process by "failing to provide equal protection under the law" and "not enforcing the Texas Rules of Civil Procedure on both parties and holding [him] to a higher standard." Mother did not file a brief on appeal. For the reasons that follow, we affirm the trial court's order.

---

[1] Rather than identify appellant and appellee by their full names, we refer to them as "Father" and "Mother" pursuant to section 109.002(d) of the family code. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014).

BACKGROUND

Father was divorced from Mother in 2007 pursuant to a decree rendered in the 380th District Court in Collin County, Texas. In 2012, he filed a petition in the same court to modify the custody and support provisions in the final divorce decree with respect to the two children of the marriage. Mother filed a counter-petition to modify the parent-child relationship. Father filed a motion to disqualify Judge Smith of the 380th Judicial District Court complaining of the court's scheduling process and asserting he was denied due process because of his difficulty in obtaining hearing dates for his motions.[2] Judge Smith signed an order referring the motion to the Presiding Judge of the First Administrative Region. The Regional Presiding Judge then assigned Scott Becker, active district judge of the 219th District Court in Collin County, Texas to hear and dispose of Father's motion to disqualify. The assignment order also directed the clerk to post a copy of the assignment on the notice board so that attorneys and parties may be advised of the assignment. A hearing was set for 9:00 a.m. on March 6, 2013 in the 219th District Court.[3] Father did not appear at the March 6 hearing and Judge Becker, sitting by assignment, signed an order denying the motion to disqualify and instructing all further proceedings take place before Judge Smith in the 380th District Court.

On May 13, 2013, Judge Smith heard and granted Mother's motion for sanctions, striking Father's pleadings with prejudice to refiling.[4] Ultimately, Judge Smith signed a final order in favor of Mother on her second amended petition to modify. This appeal followed.

---

[2] In his motion, Father asserted he was a crew member for an airline and needed special consideration for scheduling hearings.

[3] Father acknowledges notice of the March 6 hearing in the 219th District Court was sent to him on or about February 28, 2013.

[4] Father filed a motion for continuance on May 10, 2013 and did not appear at the May 13 hearing. The trial court denied Father's motion for continuance and other filings at the May 13 hearing.

ANALYSIS

In his first issue, Father contends the order denying his motion to disqualify is void as a matter of law because Judge Becker lacked jurisdiction to hear the motion. Relying on *Alexander v. Russell*, 699 S.W.2d 209 (Tex. 1985), Father argues that because the 380th District Court had continuing, exclusive jurisdiction over this cause pursuant to section 155 of the Texas Family Code, the case could not have been transferred to any other court except by motion and transfer order. *Alexander* was an appeal from a judgment terminating parental rights. *Id*. at 209. Although the termination proceedings were conducted in the 243rd District Court and the caption on the termination judgment read "243rd Judicial District Court," the judgment was signed by the judge of the 327th District Court simply as "Judge." *Id*. The court reasoned the 243rd retained exclusive jurisdiction over the matter because there was no motion and order transferring the cause to the 327th District Court. *Id*. at 210. The court further concluded that the record did not show that the judgment of termination was signed by a judge acting as judge of the 243rd District Court. *Id*. The cause was therefore remanded to the 243rd District Court for a new trial. *Id*. at 211.

Father's reliance on *Alexander* is misplaced for several reasons. First, the record here is clear that Judge Becker was only assigned to dispose of the motion to disqualify rather than hear the case on the merits. Moreover, the order denying the motion retained the cause number of the 380th District Court and indicated Judge Becker was "sitting by assignment" rather than in his capacity as active judge of the 219th District Court when he signed the order. To the extent that Father argues the order is void because Judge Becker did not conduct the hearing in the courtroom of the 380th District Court in accordance with the Regional Presiding Justice's assignment, our review of the assignment order does not support Father's position as there is no requirement that the hearing physically take place in the 380th District Court. *See also* TEX.

–3–

GOV'T CODE ANN. § 24.003(b)(6) (West Supp. 2014) (district judge in county having two or more district courts may "occupy the judge's own courtroom or the courtroom of another district court in the county.").

Father also complains he was not given notice of the assignment in accordance with section 74.053 of the Court Administration Act. In relevant part, section 74.053 states:

(a) When a judge is assigned to a trial court under this chapter:

* * *

(2) the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or in part by the assigned judge.

TEX. GOV'T CODE ANN. § 74.053(a)(2) (West 2013). The Regional Presiding Judge's order of assignment required the clerk to post a copy of the assignment on the notice board to advise the parties and attorneys. There is no indication in the record that the order of assignment was not posted. Moreover, Father has not argued, or provided any legal authority suggesting, that posted notice of the assignment was inadequate under section 74.053. *See Dishner v. Huitt-Zollars, Inc.*, 162 S.W.3d 370, 374 (Tex. App.—Dallas 2005, no pet.). We resolve Father's first issue against him.[5]

In his second issue, Father contends that because his motion to disqualify was not ruled upon by a court of competent jurisdiction, the motion is still pending and all subsequent orders signed by Judge Smith are void. In light of our disposition of Father's first issue, this complaint necessarily fails. We therefore resolve Father's second issue against him.

Father's third and fourth issues arguably assert that Judge Smith deprived him of certain constitutional rights. Father's brief, however, contains no discussion or argument with respect to

---

[5] Under this issue, Father also suggests the notice of the March 6, 2013 hearing was defective "for it failed to fully state the issue before the 219th District Court." Because Father has failed to put forth any discussion with applicable legal authority to support this contention, we consider the complaint waived due to inadequate briefing. *See* TEX. R. APP. P. 38.1(i).

–4–

these issues. The rules of appellate procedure require Father to state concisely his complaints and provide understandable, succinct, and clear argument for why his complaints have merit in fact and law, and cite and apply law that is applicable to the complaints being made along with appropriate record references. *See* TEX. R. APP. P. 38.1 (f), (h), and (i); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). Because Father has wholly failed to present any argument with respect to his third and fourth issues, he has waived these complaints for appellate review. *See Bolling*, 315 S.W.3d at 895.

We affirm the trial court's order.

/ David Evans/
DAVID EVANS
JUSTICE

131311F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF N.A.A. AND K.D.A., CHILDREN

No. 05-13-01311-CV

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-52696-06
Opinion delivered by Justice Evans, Justices Francis and Stoddart participating.

In accordance with this Court's opinion of this date, the trial court's order in suit to modify parent-child relationship is **AFFIRMED**.

It is **ORDERED** that appellee Lisa Ann Astalos recover her costs of this appeal, if any, from appellant Mitchell Kazu Astalos.

Judgment entered this 14th day of January, 2015.