

# NUMBER 13-18-00240-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN THE INTEREST OF S.H., A CHILD

---

On appeal from the 343rd District Court
of Bee County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Longoria and Hinojosa**
**Memorandum Opinion by Chief Justice Valdez**

Appellant J.H.[1] challenges the trial court's order granting a petition to terminate his parental rights to his child, S.H., filed by the Texas Department of Family Protective Services (the "Department"). By one issue, J.H. contends that the trial court lacked

---

[1] *See* TEX. R. APP. P. 9.8(b)(2) (providing that in a parental-rights termination case, "the court must, in its opinion, use an alias to refer to a minor, and if necessary to protect the minor's identity, to the minor's parent or other family member").

subject matter jurisdiction to terminate his parental rights.[2] Because we conclude that the trial court lacked subject matter jurisdiction to terminate J.H.'s parental rights, we declare the trial court's termination order void, vacate that order, and dismiss this appeal.

## I.  BACKGROUND

In April 2004, the 36th District Court of Bee County (chapter 155 court) issued a final order in a suit affecting the parent-child relationship (SAPCR) between J.H. and S.H. in cause number B-04-1047-CV-A (2004 SAPCR).[3] Among other things, the chapter 155 court appointed J.H. and L.G. ("Mother") as joint managing conservators of S.H., established a schedule for possession and access to S.H., and ordered J.H. to pay child support to Mother.

Subsequently, in 2017, the Department filed an original petition for protection of a child, for conservatorship, and for termination in a suit affecting the parent-child relationship regarding S.H.[4] The petition was assigned to the 343rd District Court of Bee County ("chapter 262 court") pursuant to Bee County's rotating civil docket system. *See* RULES OF PRAC., PROC. AND ADMIN. IN THE DIST. CTS. OF ARANSAS, BEE, LIVE OAK, MCMULLEN, AND SAN PATRICIO COUNTIES, TEX., R. (2.12) (2005) ("Local Rule").

On April 3, 2017, the chapter 262 court entered an order for protection of S.H. in an emergency and notice of hearing, named the Department as temporary sole managing conservator of S.H., and set a hearing pursuant to section 262.201 of the Texas Family

---

[2] Only J.H. has appealed the trial court's judgment. Mother is not a party to this appeal.

[3] This is a final order from the Office of the Attorney General; however, the nature of this proceeding is unclear from the record.

[4] The Department filed its original petition after an investigation revealed that S.H. was witnessing domestic violence between Mother and Mother's boyfriend, living in a local motel with Mother and Mother's boyfriend, and Mother was selling and using drugs.

Code.  TEX. FAM. CODE ANN. § 262.201(a) (West, Westlaw through 2017 1st C.S.). Following multiple adversary, status, and permanency hearings, the chapter 262 court continued the child's placement with the Department and set a bench trial to rule on the Department's petition for termination of parental rights.  On March 18, 2018, the chapter 262 court held a bench trial to determine whether to terminate J.H.'s and Mother's parental rights.  During the bench trial, the Attorney Ad Litem for S.H. introduced the 2004 SAPCR when she questioned J.H. regarding his payment of child support.  The chapter 262 court took judicial notice of the 2004 SAPCR from the chapter 155 court.  Thereafter, the chapter 262 court found that terminating the parental rights of J.H. and Mother would be in the best interest of the child and signed an order terminating their parental rights to S.H.  This appeal followed.

## II.    STANDARD OF REVIEW

Subject matter jurisdiction is "essential to a court's power to decide a case."  *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000)).  A court that acts without such power commits fundamental error that may be reviewed for the first time on appeal.  *Id.*  Whether a court has subject matter jurisdiction is a question of law that we review de novo.  *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012).  A judgment is void if it is rendered by a court without subject matter jurisdiction.  *In re United Servs. Auto Ass'n*, 307 S.W.3d 299, 309–10 (Tex. 2010) (orig. proceeding); *see In re M.K.*, 514 S.W.3d 369, 380 (Tex. App.—Fort Worth 2017, no pet.) (stating that because trial court lacked subject matter jurisdiction, its order was void).

## III.    THE CHAPTER 262 COURT'S SUBJECT MATTER JURISDICTION

3

By his sole issue, J.H. asserts that the trial court erred by terminating his parental rights because it lacked subject matter jurisdiction. Specifically, he argues that because the chapter 155 court was the court of continuing, exclusive jurisdiction, the chapter 262 court lacked jurisdiction to enter a final order terminating the parent-child relationship between J.H. and S.H. *See* TEX. FAM. CODE ANN. § 155.001(c) (West, Westlaw through 2017 1st C.S.) ("If a court of this state has acquired continuing, exclusive jurisdiction, no other court of this state has jurisdiction of a suit with regard to that child. . . ."). The Department argues that the chapter 262 court acquired subject matter jurisdiction pursuant to the exchange of benches provision.

## A.    Transfer under the Family Code

### 1.    Applicable Law

"A court acquires continuing, exclusive jurisdiction over matters. . . in connection with a child on the rendition of a final order." *Id.* § 155.001(a). "A court with continuing, exclusive jurisdiction retains jurisdiction of the parties and matters provided by this title." *Id.* § 155.002 (West, Westlaw through 2017 1st C.S.). "[T]he continuing, exclusive jurisdiction statutory scheme is 'truly jurisdictional'—that is, when one court has continuing and exclusive jurisdiction over a matter, any order or judgment issued by another court pertaining to the same matter is void." *In re C.G.,* 495 S.W.3d 40, 44–45 (Tex. App.—Corpus Christi 2016, pet. denied) (citing *Celestine v. Dep't of Fam. & Protective Servs.,* 321 S.W.3d 222, 229–30 (Tex. App.—Houston [1st Dist.] 2010, no pet.)). "If a court of this state has acquired continuing, exclusive jurisdiction, no other court of this state has jurisdiction of a suit with regard to that child except as provided by this chapter, Section 103.001(b), or Chapter 262." TEX. FAM. CODE ANN. § 155.001(c);

*see also Trader v. Dear*, 565 S.W.2d 233, 235 (Tex.1978) ("The Legislature by enacting the Family Code adopted a scheme for handling parent-child matters in a manner that avoids forum shopping, races to the courthouse, child snatching, and the harassment of a parent by the other parent's filing suits in random courts."). Once a court has acquired continuing, exclusive jurisdiction with respect to a particular SAPCR, no other court has jurisdiction over the suit unless jurisdiction has been transferred pursuant to the exclusive transfer provisions of the family code or an emergency exists. *See* TEX. FAM. CODE ANN § 155.001(c); *see also id.* §§ 155.201–.207 (West, Westlaw through 2017 1st C.S.) (transfer provisions), § 262.002 (West, Westlaw through 2017 1st C.S.) (jurisdiction for emergency proceedings).

Under chapter 262 of the Texas Family Code, the Department may, under certain circumstances, take emergency possession of a child without prior notice and a hearing. *See id.* § 262.001 (West, Westlaw through 2017 1st C.S.). Even though one court may have continuing, exclusive jurisdiction under chapter 155, a suit brought by a governmental entity requesting an emergency or temporary order under chapter 262 "may be filed in a court with jurisdiction to hear the suit in the county in which the child is found."[5] *Id.* § 262.002. However, nothing in chapter 262 authorizes the entry of a final order in a SAPCR when a chapter 155 court has continuing, exclusive jurisdiction. *Id.* § 262.201. "Thus, as to emergency and temporary orders, the Chapter 262 court shares jurisdiction with the Chapter 155 court of continuing, exclusive jurisdiction, but not as to final orders." *In re D.W.* 533 S.W.3d 460, 466 (Tex. App.—Texarkana 2017, pet denied).

---

[5] The mandatory transfer provisions in the Texas Family Code are inapplicable to this case. *See* TEX. FAM. CODE ANN. § 155.201(West, Westlaw through 2017 1st C.S.).

To acquire jurisdiction to enter a final order, the chapter 155 court or the chapter 262 court must transfer the original SAPCR into the chapter 262 court. TEX. FAM. CODE ANN. §§ 155.201–.207; *Id.* § 262.203 (West, Westlaw through 2017 1st C.S.) ("On the motion of a party or the court's own motion. . . the court that rendered the temporary order shall in accordance with procedures provided by Chapter 155 . . . order transfer of the suit from the court of continuing, exclusive jurisdiction."); *In re D.W.,* 533 S.W.3d at 465. Regardless of which court orders the transfer, jurisdiction cannot be transferred to a chapter 262 court absent a motion and an order of transfer. TEX. FAM. CODE ANN. § 262.203; *Alexander v. Russell*, 699 S.W.2d 209, 210 (Tex. 1985) (holding that the court which established conservatorship of the child retained exclusive jurisdiction, and jurisdiction could not be transferred to another district court absent a motion and order of transfer). For the chapter 262 court to transfer the case to its court, a transfer order must be signed. *See* TEX. FAM. CODE ANN. § 155.204(i) (West, Westlaw through 2017 1st C.S.). After the transfer order is signed, the Department shall file the transfer order with the clerk of the chapter 155 court. *Id.* Absent a motion to transfer with a corresponding order, a court with continuing, exclusive jurisdiction maintains its jurisdiction unless: (1) an order of adoption is rendered; (2) suit involved a dissolution of marriage and the parents remarried and filed a subsequent suit for dissolution of marriage combined with a suit affecting the parent-child relationship; or (3) another court assumed jurisdiction over suit and rendered a final order based on incorrect information that there was no court of continuing, exclusive jurisdiction. *See id.* §§ 155.002, 155.004 (West, Westlaw through 2017 1st C.S.). The transfer procedures set forth in chapters 155 and 262 of the Texas Family Code are the "only mechanism[s] for the proper transfer of suits affecting the

6

parent child relationship" and "negate the ability to transfer cases freely between courts in the same county." *Hathorn v. Sivers*, 962 S.W.2d 284, 286 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

### 2. Discussion

The Department does not contest that the chapter 155 court acquired continuing, exclusive jurisdiction over the matters in connection with S.H. upon the rendition of its final order—the 2004 SAPCR. *See* TEX. FAM. CODE ANN. § 155.001(a). However, the chapter 262 court could have acquired jurisdiction if the cause was properly transferred pursuant to the family code.

At the bench trial held on March 18, 2018, the Attorney Ad Litem introduced the 2004 SAPCR when she questioned J.H. about his lack of child support. At that time, the chapter 262 court took judicial notice of the 2004 SAPCR. However, pursuant to the family code, absent a motion and a corresponding order of transfer, the chapter 155 court retains continuing, exclusive jurisdiction. *Id.* § 262.203. And here, there was no motion and corresponding order of transfer of the 2004 SAPCR to the chapter 262 court. In fact, the Department recognizes that aside from the chapter 262 court taking judicial notice of the 2004 SAPCR, "no other formal transfer action was taken." Moreover, the exceptions provided for in the family code are inapplicable to this case because there is no evidence that an adoption was rendered; that there was a dissolution of marriage, a remarriage, and a subsequent dissolution combined with a suit affecting the parent-child relationship; or that another court assumed jurisdiction and rendered a final order based on incorrect information that there was no court of continuing, exclusive jurisdiction. *See id.* § 155.004. Accordingly, we conclude jurisdiction was not transferred pursuant to the family code from

7

the chapter 155 court to the chapter 262 court. *See id.* § 262.203*; see also id.* § 155.201–.207 (transfer provisions); *Alexander*, 699 S.W.2d at 210; *In re T.S.L.*, 196 S.W.3d 233, 235 (Tex. App.—Fort Worth 2006, no pet.) (finding that a district court lacked jurisdiction to enter orders under Section 155 where another district court in the same county had continuing, exclusive jurisdiction); *In re Guardianship of C.G.*, No. 08-99-00001-CV, 2001 WL 46976, at *1 (Tex. App.—El Paso Jan. 18, 2001, no pet.) (mem. op.) (holding that the court erred in failing to transfer the SAPCR back to the court which retained continuing, exclusive jurisdiction).

## B.     Exchange of Benches

The Department relies on the exchange of benches provision in support of its argument that the chapter 262 court had jurisdiction to terminate J.H.'s parental rights despite not being the court of continuing, exclusive jurisdiction.    Specifically, the Department contends that the chapter 262 court could render final orders in this case without a formal order or transfer from the chapter 155 court because it had concurrent jurisdiction with the chapter 155 court.

### 1.     Applicable Law

The Texas Constitution authorizes district judges to "exchange districts, or hold courts for each other when they may deem it expedient[.]" TEX. CONST. art. V, § 11. Pursuant to the exchange of benches section in the government code, district judges have wide discretion to temporarily exchange benches with the judge of another district court in the county, hear and determine matters pending in other district courts within the county, and transfer civil or criminal cases to the docket of another district court within the same county.   *See* TEX. GOV'T CODE ANN. § 24.003 (West, Westlaw through 2017 1st

8

C.S.). However, the exchange of benches provision explicitly prohibits the transfer of a case governed by chapter 155 of the family code to the docket of another district court unless provided for in the local rules with the consent of the judge of the court to which the case is transferred. *Id.* § 24.003(b)(1). Thus, although chapter 155 establishes continuing, exclusive jurisdiction over matters involving the welfare of a child upon the rendition of a final order in a SAPCR, under certain circumstances the exchange of benches provision may apply. *See id.* § 24.003; TEX. FAM. CODE ANN. § 155.001(a); *In re Garza*, 981 S.W.2d 438, 441 (Tex. App.—San Antonio 1998, orig. proceeding).

In *Garza*, an original SAPCR was finalized in the 131st District Court. *Garza,* 981 S.W.2d at 439. Ten months later, a modification to the SAPCR was assigned to the 37th district court pursuant to a rotating civil docket system. *Id.* In the 37th district court, the trial judge took exclusive control of the case saying: "I'm going to retain jurisdiction in this case against my better judgment, but there is a need for one judge to finish this matter. I don't think it needs to be bouncing around between different judges." *Id.* at 440–41. The appellant argued that the 37th district court lacked authority to exercise control over the case because the 131st was the court of continuing, exclusive jurisdiction. *Id.* at 439.

The court of appeals held that the exchange of benches authorized a district judge in the same county to rule on custody and support matters so long as the record is clear that (1) the SAPCR is filed in the court of continuing, exclusive jurisdiction, and (2) the judge is acting on behalf of the court of continuing, exclusive jurisdiction. *Id.* at 442. In determining that the 37th was acting on behalf of the court of continuing, exclusive jurisdiction, the court relied on the liberal provisions of the Texas Constitution, the local government code—which expressly grants the district courts in Bexar County concurrent

9

jurisdiction—and Bexar County's local rules. *Id.* at 440–441; TEX. LOCAL GOV'T CODE 24.139(c) (West, Westlaw through 2017 1st C.S.) ("The district courts in Bexar County have concurrent jurisdiction."). Bexar County's Local Rule 3.2 recites: "[t]he Presiding Judge shall call the docket of cases set each day, and shall hear and dispose of the matters scheduled or in his discretion assign them to other *judges* who are available." *Garza,* 981 S.W.2d at 441. According to that court, "[i]t is significant that under the rule the 'Presiding Judge' is authorized to assign matters to other judges for disposition, not to other courts." *Id.* Thus, in Bexar County, any district judge assigned by the presiding judge to hear SAPCR cases is acting for the court of continuing, exclusive jurisdiction, which is consistent with the concept of judges exchanging benches; there is no transfer of a case to another court for disposition. *Id.* Therefore, when the trial judge in the 37th district court was assigned to hear pending matters, he was being assigned to the 131st district court by the presiding judge pursuant to Bexar County's local rules; *i.e.,* exchanging benches. *Id.* at 442. Because the 131st took exclusive control of the case and because of the operation of the local rules, the court of appeals determined the 37th district court was acting on behalf of the court of continuing, exclusive jurisdiction.[6] *Id.* at 442.

---

[6] The Fourth Court of Appeals concluded with the following:

[W]e are troubled by a centralized docket system that allows for the serial assignment of different judges to hear multiple matters in the same suit affecting the parent-child relationship. While the Bexar County system appears to be quite efficient in moving cases, it has not adapted to the spirit of the Family Code's exclusive jurisdiction statute and the public policy purposes intended to be served by it. As Judge Specia wisely observed, sometimes "there is a need for one judge to finish [the] matter." Nonetheless, the law does not proscribe the current practice. Consequently, whether the system for assigning judges in SAPCRs in Bexar County needs to be changed is a matter properly left to the discretion of the civil district judges upon review of their local rule practices, or to the legislature as a matter of clarifying its intended public policy.

*In re Garza,* 981 S.W.2d 438, 442 (Tex. App.—San Antonio 1998, orig. proceeding*).*

10

Thus, a judge of another district court in the same county may rule in a SAPCR matter, so long as the record is clear that the judge is acting on behalf of the court with continuing, exclusive jurisdiction. *Id.* at 441. A judge may be shown to be acting on behalf of a court with continuing, exclusive jurisdiction by indication on the record or by operation of the local rule that provides for assignment to another judge for disposition. *Id.* at 442. Furthermore, for the exchange of benches provision to apply, the record must explicitly show that the judge of the chapter 262 court was acting on behalf the chapter 155 court. *Alexander*, 699 S.W.2d at 210.

**2.      Discussion**

Here, the record reflects that the chapter 262 court took judicial notice of the 2004 SAPCR and retained the case. However, the record does not explicitly show that the chapter 262 was acting on behalf the chapter 155 court. *Id.* We acknowledge that the chapter 262 court signed the final order terminating J.H.'s parental rights to S.H. However, signing a final order as "Judge" does not conclusively prove that the chapter 262 court was acting on behalf of the chapter 155 court. *Id.* For the record to have established that the chapter 262 court was acting on behalf of the chapter 155 court, the chapter 262 court was required to state that it was acting on behalf of the chapter 155 court. *Id.* Here, the chapter 262 court did not state its capacity, or sign the order on behalf of the chapter 155 court. Accordingly, we conclude the record does not explicitly show that the chapter 262 court was acting on behalf of the chapter 155 court.

Next, we turn to the operation of the local rule. The applicable local rules require that civil cases assigned to a specific court "remain pending in that Court until final disposition, provided that any case may be transferred to another Court by Order of the

11

Judge of the Court in which the case is pending with the consent of the Judge of the Court to which the case is transferred." LOCAL RULE 2.13. Furthermore, "whenever any pending civil case is so related to another civil case pending in or disposed of by another Court. . . the Judges may agree to have such related cases heard and transferred to the Court in which the earlier action was filed." *Id.* Thus, "any Judge of the District Court serving [Bee County] *may* act for any other Judge of the District Court serving these Judicial Districts in any case." *Id.* (emphasis added). Unlike Bexar County, the local rules here are inconsistent with the concept of judges exchanging benches; they specifically require civil cases to remain pending in the assigned court until final disposition, unless there is an order of transfer or an agreement by the district judges to transfer such case to the originating court. *Id.* Here, there was no order of transfer. Rather than providing for an exchange of benches, the Local Rules require transfer to another court for disposition.[7] *Id.* Thus, the chapter 262 court was not acting on behalf of the chapter 155 court by operation of the local rules.

Because there was no transfer of the 2004 SAPCR to the chapter 262 court under the Texas Family Code, and the exchange of benches provision does not apply, we sustain J.H.'s sole issue. We conclude that the chapter 262 court lacked jurisdiction to issue a final order in this case.

## IV. CONCLUSION

---

[7] We note that the Texas Government Code does not expressly grant the 36th Judicial District (Aransas, Bee, Live Oak, McMullen, and San Patricio Counties) concurrent jurisdiction. *See* TEX. LOCAL GOV'T CODE 24.138 (West, Westlaw through 2017 1st C.S.).

12

We declare the trial court's termination order void, vacate that order, and dismiss this appeal. *See* Tex. R. App. P. 43.2(e); *see In the Matter of M.K.*, 514 S.W. 3d at 380 (Tex. App.—Fort Worth, 2017, no pet.).

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed this
27th day of September, 2018.