

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-23-00017-CV
_____

IN RE JONNA BASS, RELATOR

ORIGINAL PROCEEDING

April 20, 2023

OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

In this original proceeding, relator Jonna Bass petitions this Court to issue a writ of mandamus against the Honorable Matt Martindale, Judge of the County Court at Law Number Two in Randall County. By her petition, Jonna contends the trial court abused its discretion by granting an untimely motion to transfer venue of the underlying suit for modification and enforcement under the Texas Family Code. For the reasons discussed below, we conditionally grant the petition.

**BACKGROUND**

Jonna Bass and George R. Parr, IV are the parents of four children. Upon dissolution of their marriage in February of 2018, the trial court, Randall County Court at

Law Number Two, signed an agreed final decree of divorce and appointed the parents as joint managing conservators of their children.

In September of 2019, Jonna filed, among other things, a petition to modify the parent-child relationship, a motion to enforce child support, and a motion to enforce a 2018 family violence protective order against George.[1]  These pleadings were filed in Randall County Court at Law Number Two, the court of continuing jurisdiction.  On October 8, 2019, George filed an answer, counter-petition to modify, and a motion to enforce possession of and access to the children.  From October of 2019 until February of 2021, the trial court issued temporary orders, modified temporary orders, enforced the 2018 protective order, and issued a second protective order.  In February of 2021, Jonna requested a bench trial on the pending motions to modify.  A few days later, George paid a jury fee.  During the pending litigation, Jonna relocated with the children from Randall County to Potter County and George relocated to New Mexico.

In October of 2022, Jonna filed her third application for protective order.  The application was filed in the same cause number as the pending suit affecting parent-child relationship, as permitted by Texas Family Code section 85.062.  *See* TEX. FAM. CODE ANN. § 85.062[2] (providing application for protective order may be filed in the court in which a suit affecting parent-child relationship is pending).  In response, George filed an answer, a motion to vacate the protective order, and a motion to transfer venue.  He alleged that

---

[1] After the divorce was granted, Jonna obtained a two-year protective order from the Randall County Court at Law Number One.

[2] Further reference to provisions of the Texas Family Code will be by reference to "section ___" or "§ ___."

the principal residence of the children and Jonna had been in Potter County for the six-month period preceding the filing of the motion and that venue is improper in Randall County. He requested that the trial court transfer venue "of this proceeding" to Potter County. The trial court held a hearing on George's motion and granted the motion over Jonna's objection. Jonna then filed the instant petition for writ of mandamus, alleging that the trial court abused its discretion by granting the untimely motion to transfer.

## MANDAMUS STANDARD

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court clearly abused its discretion, and (2) no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.,* 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). When seeking mandamus relief, the relator bears the burden of proving these two requirements. *Id.* at 840. Trial courts have no discretion in determining what the law is or applying the law to the facts. *In re Allstate Indem. Co.,* 622 S.W.3d 870, 875–76 (Tex. 2021) (orig. proceeding).

## ANALYSIS

In this case, the Randall County Court at Law Number Two acquired continuing, exclusive jurisdiction over the matters in the decree affecting the children of the marriage when it issued the decree of divorce in February of 2018. *See* § 155.001(a). "If a court of this state has acquired continuing, exclusive jurisdiction, no other court of this state has

3

jurisdiction of a suit with regard to that child . . . ." § 155.001(c).[3] The court retains continuing jurisdiction unless jurisdiction has been transferred pursuant to the exclusive transfer provisions of the Family Code or an emergency exists. *See* § 155.002. The transfer proceedings in the Family Code governing suits affecting the parent-child relationship are the exclusive mechanism for transferring the case or challenging venue and were designed to supplant the regular rules dealing with transfer of venue applicable in civil cases. *See Leonard v. Paxson,* 654 S.W.2d 440, 441 (Tex. 1983) (interpreting the predecessor transfer statutes of the Family Code).

It is undisputed that Jonna and the children lived in Randall County when the underlying proceedings were filed in September of 2019. As such, Jonna was required to file her petitions to modify and enforce in Randall County. *See* §§ 156.001 ("A court with continuing, exclusive jurisdiction may modify an order that provides for the conservatorship, support, or possession of and access to a child."), 157.001(d) ("A motion for enforcement shall be filed in the court of continuing, exclusive jurisdiction.").

As relevant to this case, "[i]f a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the *timely* motion of a party[,] the court shall, within the time required by section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer." § 155.201(b) (emphasis added). A motion to transfer is timely if it is made "on or before the first Monday after the 20th day after the date of service of

---

[3] Section 155.001(c) notes two exceptions, as provided by section 103.001(b) and Chapter 262 of the Family Code, which are not applicable to this case.

4

citation or notice of the suit or before the commencement of the hearing, whichever is sooner." § 155.204(b). Here, George was served with citation in the underlying suit on September 28, 2019, and filed his answer, counter-petition to modify, and a motion to enforce on October 8, 2019. He filed his motion to transfer on November 10, 2022, three years after the period described in section 155.204(b). As such, George's motion to transfer was not timely filed. An untimely motion to transfer gives a trial court no authority to transfer a case to another court. *See Alexander v. Russell,* 699 S.W.2d 209, 210 (Tex. 1985) (per curiam) (holding that court rendering original divorce decree and establishing original conservatorship for minor children remained the court of continuing and exclusive jurisdiction despite an attempted transfer that failed to comply with the Texas Family Code transfer procedure).

The trial court, Randall County Court at Law Number Two, had continuing, exclusive jurisdiction of the underlying petitions to modify and enforce, and no other court of this state had jurisdiction. § 155.001(c). The trial court had no discretion to grant an untimely transfer. Moreover, the filing of the application for protective order in October of 2022 does not affect the continuing, exclusive jurisdiction of the trial court to hear the underlying modification and enforcement suit. *See* § 85.062(a)(1) (application for protective order may be filed in court in which suit affecting parent-child relationship is pending). We hold the trial court abused its discretion by granting an untimely transfer of the petitions to modify and enforce.

Parents of children who have a right to venue in a particular county should not be forced to go through a trial that is for naught. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (per curiam). As previously indicated, the trial court abused its discretion in

5

transferring the modification and enforcement to Potter County. Having trial in Potter County based on the trial court's erroneous transfer would ultimately be reversed on appeal which would render the entire proceeding a nullity. Consequently, we conclude that Jonna has established that the transfer cannot be adequately remedied by appeal.

## CONCLUSION

We hold that the trial court abused its discretion by transferring the underlying proceedings to Potter County. Accordingly, we conditionally grant Jonna's petition for writ of mandamus and direct the trial court to vacate its transfer order of November 30, 2022. We are confident the trial court will comply, and our writ will issue only if the trial court fails to comply within fifteen days of this opinion and judgment.


Judy C. Parker
Justice

6