ACCEPTED
06-15-00027-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/22/2015 12:10:20 PM
DEBBIE AUTREY
CLERK

No. 06-15-00027-CV

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
6/22/2015 12:10:20 PM
DEBBIE AUTREY
Clerk

## In the Court of Appeals

## Sixth Judicial District

## Texarkana, Texas

---

### In re STACEY DIANE SARTOR, Relator

---

## RESPONSE TO PETITION FOR WRIT OF MANDAMUS

Jennifer Gibo

State Bar No.: 24032343

109 1st Street SE

Paris, Texas 75460

Tel: 903-905-4964

Fax: 903-905-4966

jgibolaw@gmail.com

_____

ATTORNEY FOR REAL PARTY IN
INTEREST, JASON SARTOR

1

*Identity of Parties and Counsel*

The following is a list of all parties and counsel who have appeared in this matter:

Relator: Stacey Diane Sartor

Attorneys for Relator in the trial court: Marianne Howland, 1940 Forest Lane, Garland, Texas 75042, State Bar No.: 24055693 and Glen Wietzel, 1940 Forest Lane, Garland, Texas 75402, State Bar No.: 24047704.

Previous Attorney for Relator in the trial court: David Leamon, Lone Star Legal Aid, Military and Veterans Unit, 1415 Fannin, 1st Floor, Houston, Texas 77002, State Bar No.: 24028025.

Respondent: Eric Clifford

Attorney for Respondent in the trial court: N/A

Real Party in Interest: Jason Sartor

Attorney for Real Party in Interest in the trial court: Jennifer Gibo, 109 1st Street SE, Paris, Texas 75460, State Bar No. 24032343

*Table of Contents*

RESPONSE TO PETITION FOR WRIT OF MANDAMUS     1

Index of Authorities 5

I. Statement of the Case 6

II. Issues Presented 7

Issue No. 1

Issue No. 2

III. Statement of Facts 8

IV. Argument and Authorities 11

A. Standard of Review: Availability of Mandamus Relief 11

B. Issue No. 1: 11

C. Issue No. 2: 14

Prayer 17

Certification 19

Certificate of Service 20

APPENDICES: The following documents are attached to this response and incorporated in it for all purposes.

Appendix A: Affidavit of Jason Sartor

Appendix B: Attached to this petition are the following documents:

1. A certified copy of the Return of Service in which Relator, Stacey Diane Sartor was served with citation.

2. A certified copy of Defendant's Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, In the Alternative, to Transfer Venue.

3. A certified copy of Respondent's First Amended Motion to Transfer Venue.

4. A certified copy of Petitioner's Affidavit Controverting Motion to Transfer.

5. A certified copy of Order Setting Hearing on Motion Transfer.

6. A certified copy of David Leamon's Motion for Withdrawal of Counsel.

7. A certified copy of David Leamon's Order on Motion for Withdrawal of Counsel.

8. A certified copy of Order Resetting Hearing on Motion to Transfer.

9. A certified copy of Petitioner's Motion for Petitioner to Appear by Telephone.

10. A certified copy of Order Denying Motion to Transfer.

11. A certified copy of the Transcript from the March 20, 2015 hearing on Motion to Transfer Venue in this case.

12. A Copy of Texas Family code Sections 155.201, 155.203, and 155.204.

13. A copy of Texas Rules of Civil Procedure Rule 21 and Rule 21a.

Appendix C:        Affidavit of attorney, Jennifer Gibo.

*Index of Authorities*

*Alexander v. Russell,* 699 S.W.2d 209, 210 (Tex. 1985). Page – 12, 13

*Erbs v. Bedard,* 760 S.W.2d 750, 755 (Tex. App.—Dallas 1988) (orig proceeding) Page - 11

*In re Ferguson* 172 S.W.3d 122, 126 (Tex.App.—Beaumont 2005) (orig. proceeding). Page – 15

*In re Nabors* 276 S.W.3d 190, 197 (Tex App—Houston [14th Dist.] 2009) (orig. proceeding). Page - 15

*Proffer v. Yates,* 734 S.W.2d 671, 673 (Tex. 1987) (orig.proceeding). Page - 11

Texas Family Code Section 155.201. Page – 15

Texas Family Code Section 155.203. Page – 15

Texas Family Code Section 155.204. Page – 12, 13, 14

Texas Rules of Civil Procedure Rule 21. Page – 12, 13, 14

Texas Rules of Civil Procedure Rule 21a. Page – 13, 14

*Statement of the Case*

1. The underlying suit is a suit to modify an out-of-state order in which the Real Party in Interest had filed a motion to modify the Judgment of Divorce that was rendered on December 9, 2013 in the Matrimonial/IAS Part 1 of New York State Supreme Court of Jefferson County.

2. Respondent was served on November 19, 2014.

3. Respondent filed a Pro Se Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, In the Alternative, to Transfer Venue seeking to have the case transferred to Hunt County.

4. Respondent then, through her attorney David Leamon, filed Respondent's First Amended Motion to Transfer Venue to Hunt County on January 16, 2015.

5. Real Party in Interest, Jason Sartor, filed an Affidavit Controverting Motion to Transfer on January 26, 2015 in which he stated that Lamar County was his place of residence and arguing against transferring the case out of Lamar County.

6. An Order Setting Hearing on Motion to Transfer was filed on January 30, 2015 and the hearing was set for March 5th, 2015.

7. Respondent's attorney then filed a Motion for Withdrawal of Counsel on March 5, 2015 and an Order on Motion for Withdrawal of Counsel on March 6, 2015.

8. An Order Resetting Hearing on Motion to Transfer was filed for March 20th, 2015 by Real Party in Interest, Jason Sartor.

9. A Motion for Petitioner to Appear by Telephone for Real Party in Interest was also filed and a hearing date set for March 20th, 2015.

10. A hearing was held on March 20th, 2015 at which testimony was given by both sides.

*Issues Presented*

Issue No. 1: Respondent did not abuse his discretion or fail to perform his mandatory ministerial duty when he denied Respondent's Pro Se Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, In the Alternative, to Transfer Venue.

Issue No. 2: Respondent did not abuse his discretion or fail to perform his mandatory ministerial duty when he denied Respondent's First Amended Motion to Transfer Venue.

7

*Statement of Facts*

Relator, Stacey Diane Sartor, originally represented herself in this matter and filed a pro se document entitled Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, In the Alternative, to Transfer Venue. This was filed on December 9, 2014 with the court and does not include a Certificate of Service. After Stacey Diane Sartor was represented by David Leamon, Respondent's First Amended Motion to Transfer Venue was filed with a Certificate of Service on January 16, 2015 and a copy was served on Jason Sartor's attorney of record, Jennifer Gibo. An Affidavit Controverting Motion to Transfer was filed by Jason Sartor on January 26, 2015 and a hearing on the matter was set for March 5th, 2015.

Attorney David Leamon then withdrew from representing Relator after Relator called the Court and canceled the March 5th, 2015 hearing of her own volition. According to David Leamon's Motion for Withdrawal, Relator canceled the hearing after her attorney had told her that the hearing would be going forward. There was inclement weather that day and the roads had ice on them. According to the motion filed, Mr. Leamon had told Ms. Sartor to be available by phone as she had communicated to him that she did not feel safe driving. Instead, according to Mr. Leamon's Motion for Withdrawal, Ms. Sartor unilaterally and without notice

8

to Mr. Leamon called the court and canceled the hearing. David Leamon then withdrew from representing Relator.

Relator, Stacey Diane Sartor, currently resides in Hunt County with the children the subject of this suit as per her pleadings and attached transcript. Prior to the filing of this lawsuit, Stacey Diane Sartor testified that she had resided in Hopkins County from April of 2013 until September of 2014 as per the attached transcript, Page 14, Line 4 – 6. Prior to that, Stacey Diane Sartor testified that she had resided in Texas in general with the children since January 1, 2013 as per the attached transcript, Page 14, Line 4 – 6.

Jason Sartor is active military who has entered the military out of Lamar County, Texas. He is currently deployed in Kansas but his place of residence is Lamar County, Texas. There was testimonial evidence given at the hearing on March 20, 2015 by Jason Sartor's father, Jeffrey Alan Sartor, as Jason Sartor was currently deployed and not able to appear in Court. Jeffrey Alan Sartor testified that his son, Jason Sartor, had deployed into the military out of Lamar County, Texas and that this continues to be his county of residence. He also testified that Jason Sartor pays his taxes out of Lamar County, Texas and has designated this as his residence while in the military. This testimony is in the attached transcript from page 8, line 17 to page 9, line 8. Jason Sartor was available to testify by phone as per his Motion for Petitioner to Appear by Telephone, however the Judge

9

did not require his testimony after hearing from both Jeff Sartor and Stacey Diane Sartor as per the attached transcript page 17, line 20-23. Additionally, Jason Sartor's timely filed controverting affidavit clearly states that Lamar County is his county of residence.

In the March 20th, 2015 hearing on Motion to Transfer Venue, Stacey Diane Sartor testified that she had lived in Hopkins County for more than six months prior to the filing of the Motion to Modify and had only lived in Hunt County for one month as per the attached transcript from the hearing, Page 15, Line 19 through Line 24.

Real Party in Interest, Jason Sartor, filed the case in Lamar County and asked that it remain in Lamar County. Jason Sartor argues that venue should be in Lamar County based upon his residence or, in the alternative, Hopkins County based upon the fact that that is where the children had resided for more than six months prior to the filing of this case as per the attached transcript page 15, line 19 to page 16, line 2. Relator, Stacey Diane Sartor, when asked if the case should be in Hopkins County or Lamar County responded with "Absolutely,ma'am, yes. I believe it should be where the kids are and where they're going to be, in Hunt County forever. I've been adopted there." As per the attached transcript page 15, line 25 through page 16, line 5. When specifically asked if Stacey Diane Sartor understood that the venue question was whether the case should be in Lamar

County or Hopkins County, Stacey Diane Sartor stated "So it should've been in Hopkins, if it wasn't transferred to Hunt, yes, ma'am." As per the attached transcript page 16, line 8-9.

Respondent denied Relator, Stacey Diane Sartor's First Amended Motion to Transfer Venue to Hunt County in the hearing and signed an Order Denying Motion to Transfer on May 5, 2015.

*Arguments and Authorities*

A:    Standard of Review:    Availability of Mandamus Relief

Requisite of mandamus relief are a showing of (1) a legal duty to perform a nondiscretionary act, (2) a demand for performance of a nondiscretionary act, and (3) a refusal to perform after such demand was made. *Erbs v. Bedard*, 760 S.W.2d 750, 755 (Tex. App.—Dallas 1988) (orig proceeding). Mandamus relief is available when under the circumstances of the case the facts and law permit the trial court to make but one decision—ad the trial court has refused to make that decision—and remedy by appeal to correct the ruling is inadequate. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig.proceeding).

B:    Issue No. 1: Respondent did not abuse his discretion or fail to perform his mandatory ministerial duty when he denied Respondent's Pro Se Notice of Motion

11

and Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, In the Alternative, to Transfer Venue.

Relator did not follow proper procedure in her Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, In the Alternative, to Transfer Venue because it does not follow Texas Family Code §155.204 Procedure to Transfer. Contrary to the code, this motion did not contain a certification that all other parties have been informed of the filing of the motion as required by Texas Family Code §155.204(a). As such, this was a defective motion and did not constitute a Motion to Transfer Venue under the Family code. Additionally, Relator, Stacey Diane Sartor, did not serve a copy of this motion to the Real Party in Interest, Jason Sartor or to his attorney, Jennifer Gibo. Stacey Diane Sartor merely filed this document with the clerk. Under Texas Rules of Civil Procedure 21, every pleading, plea, motion or application to the court for an order…shall be filed with the clerk of the court in writing…and at the same time a true copy shall be served on all other parties. Relator, Stacey Diane Sartor did not do this and thus invalidated her initial attempt at filing a Motion to Transfer Venue.

Additionally, under Relator's Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, In the Alternative, to Transfer Venue, no Order was ever filed with the Court seeking a transfer. *Alexander v. Russell,* 699 S.W.2d 209, 210 (Tex. 1985). Family Code §11.06 now

§155.204, "requires a timely motion by any party to the suit to transfer the proceedings. Absent a motion and order of transfer, the 243rd District Court retained exclusive jurisdiction. Despite what the conservatorship order says about the 327th District Court having jurisdiction, there is no order transferring the cause to the 327th District Court. Thus, the 243rd District Court retained jurisdiction." In addition to failing to notify all interested parties of her Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, In the Alternative, to Transfer Venue, Relator Stacey Diane Sartor also failed to submit an Order to Transfer thereby maintaining Lamar County as the proper venue until such an order was filed.. Thus, Relator's Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, In the Alternative, to Transfer Venue did not comply with the Texas Family Code procedure for filing a Motion to Transfer Venue, it did not comply with the Texas Rules of Civil Procedure for proper notice, and no order was ever filed requesting the court to act upon the motion. Prior to a request by Relator, Stacey Diane Sartor, for the court to act upon her motion, she filed Respondent's First Amended Motion to Transfer Venue and this became the live motion.

Therefore, Respondent did not abuse his discretion or fail to perform his mandatory ministerial duty when he denied Respondent's Pro Se Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or,

13

In the Alternative, to Transfer Venue. That motion never came before the Court. The motion itself was defective as it did not comply with the Texas Family Code §155.204(a) as it did not include a certificate of service showing that it had been served on all parties. Furthermore, the document was filed with the clerk but was not served on all interested parties, thereby not complying with Texas Rules of Civil Procedure Rule 21 or Rule 21a. Additionally, Relator never requested that Respondent act on the motion as she did not submit an order to the court in regards to her motion. The case remains with the court until an Order Transferring Suit Affecting Parent-Child Relationship is presented to the court, signed, and filed. Prior to any order transferring the suit being filed, Relator filed an amended motion and that became the live pleading.

C: Issue No. 2: Respondent did not abuse his discretion or fail to perform his mandatory ministerial duty when he denied Respondent's First Amended Motion to Transfer Venue.

Respondent's First Amended Motion to Transfer Venue did follow proper procedure and included a Certificate of Service that the Motion was filed on all interested parties as of January 16, 2015. A Controverting Affidavit was timely filed in regards to Respondent's First Amended Motion to Transfer Venue.

14

Mandatory transfer is available under Texas Family Code §155.201 to transfer the case to a county in which the children had been living for six months prior to the filing of this lawsuit. *In re Nabors* 276 S.W.3d 190, 197 (Tex App—Houston [14th Dist.] 2009) (orig. proceeding) Under [Fam Code] §155.201(b) the Legislature does not require that the children *currently reside* in the other county, only that they '*have resided*' there for six months or longer when the modification suit is filed.

In determining the county of child's residence, under Texas Family Code §155.203, the court shall look to the child's principal residence during the six-month period preceding the commencement of the suit. *In re Ferguson* 172 S.W.3d 122, 126 (Tex.App.—Beaumont 2005) (orig. proceeding). "We do not deny that for purposes of construing other venue provisions contained in various Texas codes and statutes the concept of 'dual residency' or of 'domicile versus residence' has its place. However, Texas Family Code §155.203 requires the trial court to look to the child's 'principal residence' during the six-month period in question.

Respondent requested that the case be transferred to Hunt County, a county that she had not lived in with the children for more than six months at the time that the suit was filed. Respondent did not plead for transfer to Hopkins County in either her Notice of Motion and Motion to Dismiss for Lack of Personal

Jurisdiction and Improper Venue, or, In the Alternative, to Transfer Venue or her Respondent's First Amended Motion to Transfer Venue.

A Controverting Affidavit was timely filed in regards to Respondent's First Amended Motion to Transfer Venue.

In Respondent's First Amended Motion to Transfer Venue, paragraph 7, Section A. Jurisdiction states that "Respondent and both children have resided in Hunt County, Texas for a period of longer than six months prior to the commencement of this action." This is a false statement as demonstrated in Stacey Diane Sartor's testimony at the hearing on March 20th, 2015 when she stated that they had lived in Hopkins County for more than six months immediately prior to the filing of the lawsuit and Hunt County for less than a month at the time the modification was filed.

When specifically asked if Relator, Stacey Diane Sartor understood the venue question, Stacey Diane Sartor clarified that she did understand the potential for Hopkins County to be a venue and continued to insist that the case be transferred to Hunt County. Stacey Diane Sartor did not amend her pleading or make a request that the case be transferred to Hopkins County. Instead, she asked for a mandatory transfer to Hunt County based upon a Motion to Transfer that falsely stated that she had lived in Hunt County for more than six months prior to

16

the filing of the modification suit. This statement was proven false in her testimony where she stated that she had lived in Hunt Count for less than a month at the time the suit was filed. The suit was filed on October 23, 2014 and Stacey Diane Sartor was served on November 19, 2014. Thus, Respondent did not abuse his discretion or fail to perform his mandatory ministerial duty when he denied Respondent's First Amended Motion to Transfer Venue as Relator was requesting a mandatory transfer to Hunt County which was not supported by the pleadings or the testimony taken at the hearing. Hunt County was not a county that was available to Relator for mandatory transfer.

*Prayer*

Real Party in Interest, Jason Sartor, requests that the Court deny Relator's Petition for Writ of Mandamus and prays for attorney fees.

Law Office of Jennifer Gibo

109 1st Street SE

Paris, Texas 75460

Tel: 903-905-4964

Fax: 903-905-4966

jgibolaw@gmail.com

17

By:

Jennifer Gibo

State Bar No: 24032343

Attorney for Real Party In
Interest, Jason Sartor

## Certification

I certify that I have read the above response and have concluded that every factual statement in the response is supported by competent evidence included in the attached appendix or record.

_____
Jason Sartor

## Certificate of Service

I certify that a true copy of this Response was served in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel as follows:

Party: Stacey Diane Sartor

Lead Attorney: Marianne Howland

Address of Service: 1940 Forest Lane, Garland, Texas 75042

Method of Service: via facsimile 214-853-5835

Date of Service: June 22, 2015

A copy of this notice is being filed with the appellate clerk in accordance with Rule 25.1(e) of the Texas Rules of Appellate Procedure.

_____
Jennifer Gibo

Attorney for Real Party in Interest,
Jason Sartor

*Appendix A*: Affidavit of Jason Sartor

Jason Sartor appeared in person before me today and stated under oath:

"My name is Jason Sartor. I am above the age of 18 years and I am fully competent to make this affidavit. I am the Real Party in Interest in this case. The facts stated in this affidavit are true and correct and are within my personal knowledge.

"I am a resident of Lamar County, Texas and entered the military in 2007 out of Lamar County. Stacey Sartor lives in Hunt County, Texas. At the time that this case was filed, she had lived in Hunt County with the children for less than six months. She had moved there from Hopkins County where she had lived with the children for a period greater than six months. She had lived in Hopkins County for approximately a year with the children. Prior to that, she had lived in Lamar County with the children for a period greater than six months and had been there for approximately seven or eight months.

"I did not receive notice of a Motion to Transfer Venue until Stacey Sartor was represented by an attorney in January, 2015. Her first Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction and

Improper Venue, or, In the Alternative, to Transfer Venue was filed pro se and she did not serve this on either me or my attorney. The second document was filed by her attorney at the time and was Respondent's First Amended Motion to Transfer Venue to Hunt County on January 16, 2015. My Affidavit Controverting Motion to Transfer was filed on January 26, 2015. A hearing was set for March 5, 2015 that I drove into Paris, Texas to attend. I was informed by my attorney that Stacey Sartor had called the Court and canceled the hearing. A hearing was then reset to March 20, 2015 that I was unable to drive in for and so I asked for and had granted a Motion to Appear by Telephone.

"I was informed by my attorney that the Judge took testimony from my father, Jeff Sartor, and from Stacey Sartor before he ruled. The Judge denied her Motion to Transfer Venue. An Order was signed on May 5, 2015 denying the Motion to Transfer Venue.

_____
Jason Sartor

SIGNED under oath before me on ___June 20, 2015___

_____
Notary, Public, State of __KS__

LORI HAYDEN
Notary Public - State of Kansas
My Appt. Expires 6/25/17

*Appendix B*: This Appendix contains the following:

1. A certified copy of the Return of Service in which Relator, Stacey Diane Sartor was served with citation.

2. A certified copy of Defendant's Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, In the Alternative, to Transfer Venue.

3. A certified copy of Respondent's First Amended Motion to Transfer Venue.

4. A certified copy of Petitioner's Affidavit Controverting Motion to Transfer.

5. A certified copy of Order Setting Hearing on Motion Transfer.

6. A certified copy of David Leamon's Motion for Withdrawal of Counsel.

7. A certified copy of David Leamon's Order on Motion for Withdrawal of Counsel.

8. A certified copy of Order Resetting Hearing on Motion to Transfer.

9. A certified copy of Petitioner's Motion for Petitioner to Appear by Telephone.

10. A certified copy of Order Denying Motion to Transfer.

11. A certified copy of the Transcript from the March 20, 2015 hearing on Motion to Transfer Venue in this case.

12.A Copy of Texas Family Code Sections 155.201, 155.203, and 155.204.

14.A copy of Texas Rules of Civil Procedure Rule 21 and Rule 21a.



# FAMILY LAW CITATION

**CLERK OF THE COURT**

**Attorney Requesting**

**MARVIN ANN PATTERSON**
119 N. MAIN, ROOM 405
PARIS, TX 75460

**JENNIFER M. GIBO**
109 1ST ST S E
PARIS TX 75460-4259

## THE STATE OF TEXAS

**NOTICE TO RESPONDENT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:
**STACEY DIANE SARTOR**
**701 INDUSTRIAL DR APT #206**
**SULPHUR SPRINGS TX 65482,**            **Respondent, Greeting:**

YOU ARE HEREBY COMMANDED to appear before the 6th District Court of Lamar County, Texas, the said County in Paris, Texas, by filing a written answer, at or before 10 o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation to the **ORIGINAL PETITION IN SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP SEEKING MODIFICATION OF OUT-OF-STATE ORDER** filed in said court on **October 23, 2014,** numbered **83894,** on the docket of said court, and styled:

**IN THE INTEREST OF**
**A. S. AND J. S.,**
**MINOR CHILDREN**

A copy of the **ORIGINAL PETITION IN SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP SEEKING MODIFICATION OF OUT-OF-STATE ORDER** accompanies this citation.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and the seal of said court at Paris, Texas, on this the 24th day of October, 2014.

**Marvin Ann Patterson,** District Clerk
Lamar County, Texas

BY: _Michelle Wilson_, Deputy

## OFFICER'S RETURN

83894        6th District Court
IN THE INTEREST OF
A. S. AND J. S.,
MINOR CHILDREN

ADDRESS FOR SERVICE:
STACEY DIANE SARTOR
701 INDUSTRIAL DR APT #206
SULPHUR SPRINGS TX 65482

Came to hand on the _19_ day of _November_, 20_14_, at _9:30_, o'clock _A_.m., and executed in _Hunt_ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the ORIGINAL PETITION IN SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP SEEKING MODIFICATION OF OUT-OF-STATE ORDER at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| Stacy Sartor | 11-18-14 1:30p | 1302 Keri ln. #512 Gvil Tx 75402 |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Serving Petition and Copy $ ____
Total                    $ 60.00

Constable Terry Jones
Hunt County Pct 1
2801 Stuart St., Suite 435 ____, Officer
Greenville, TX 75401 ____, County, Texas

By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:
" My name is _____, my date of birth is _____, and my address is _____
           (First, Middle, Last)

_____
           (Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____.
20_____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

I HEREBY CERTIFY THAT THE AFORESAID IS A TRUE
AND CORRECT COPY ON FILE OR OF RECORD IN THE
_____ JUDICIAL DISTRICT COURT, LAMAR CO., TX

SIGNED AND SEALED THIS ____ DAY OF _____
2015 A.D.

_____
CLERK, DISTRICT COURTS, LAMAR CO., TX

## RESPONSE TO FAMILY LAW CITATION 83894

TO:

**CLERK OF THE COURT**                                      **RESPONDING**

**MARVIN ANN PATTERSON**                              **STACEY DIANE SARTOR**

119 N. MAIN, ROOM 405                                      3201 KARI LN, APT 512

PARIS, TX 75460                                                   GREENVILLE, TX 75403

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

This response is issued to the 6th District Court of Lamar County, Texas to be filed no later than 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation, received **NOVEMBER 19, 2014** to the **ORIGINAL PETITION IN SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP SEEKING MODIFICATION OF OUT-OF-STATE ORDER** filed in said court on **October 23, 20014**, numbered **83894**, on the docket of said court, and styled:

**IN THE INTEREST OF**

**A.S. AND J.S.,**

**MINOR CHILDREN**

A copy of the **ORIGINAL PETITION IN SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP SEEKING MODIFICATION OF OUT-OF-STATE ORDER** accompanies this response to citation, along with the **NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE.**

Respectfully

**Stacey Diane Sartor,** mother and primary conservator

NOTICE: THIS DOCUMENT

CONTAINS SENSITIVE DATA

NO. 83894

IN THE INTEREST OF

A.S. AND J.S.

CHILDREN

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

TO PLAINTIFF JASON TRAVIS SARTOR AND ATTOURNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on November 20, 2014, Stacey Diane Sartor will move to dismiss the motion of Jason Travis Sartor on the grounds that the county in which he filed lacks personal jurisdiction and the venue is improper.

The motion will be based on this Notice, the attached Memorandum of Points and Authorities.

This motion is made in a timely response to the aforementioned Family Law Citation.

By: Stacey Diane Sartor

# MEMORANDUM OF POINTS AND AUTHORITIES

1. The non-custodial parent requesting modification of out-of-state order is a New York resident, as mentioned in the attached court ordered divorce decree, section 13. Real Property Division, stating that Jason Travis Sartor's legal home of record is 306 Flower Ave E., Watertown, New York 13601, and that is where he shall return after relief of military duty in Fort Riley, Kansas.

2. Jason Travis Sartor and spouse Stephanie Sartor have stated that they never intend to return to Texas in the relief of his duties to the military.

3. Lamar County is not home to Jason Travis Sartor, nor his place of birth, nor the place of birth or residency to any of the minor children in reference to this case

4. Stacey Diane Sartor, the custodial parent with shared minor children of Jason Travis Sartor resides at 3201 Kari Ln, Apt 512, Greenville, Tx 75402, and has lived here for a period greater than 6 months.

5. The minor children have never resided in the county of Lamar.

6. Original home state jurisdiction is New York, the place of birth of Jason Ryan Sartor, and the location of shared realty with Jason Travis Sartor, Stacey Diane Sartor, and minor children during the divorce proceedings.

7. Hunt County is the proper venue for any further proceedings to this case, for that is the legal residency of the minor children.

8. Any further information on this case should be run by myself, Stacey Diane Sartor, residing at 3201 Kari Ln. Apt 512, Greenville, Tx 75402.

Respects,
Stacey Diane Sartor

I HEREBY CERTIFY THAT THE AFORESAID IS A TRUE
AND CORRECT COPY ON FILE OR OF RECORD IN THE
_____ JUDICIAL DISTRICT COURT, LAMAR CO., TX

SIGNED AND SEALED THIS 19 DAY OF June
2015 A.D.

Jennifer Franz
CLERK, DISTRICT COURTS, LAMAR CO., TX

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

## NO. 83894

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| A.S. AND J.S. | § | 6TH JUDICIAL DISTRICT |
| | § | |
| CHILDREN | § | LAMAR COUNTY, TEXAS |

### RESPONDENT'S FIRST AMENDED MOTION TO TRANSFER VENUE

This *First Amended Motion to Transfer Venue* is brought by Stacey Diane Sartor, Respondent, who requests transfer of this proceeding to Hunt County, Texas.

A.   *Jurisdiction*

1.   No court has acquired continuing, exclusive jurisdiction of this suit or of the children the subject of this suit.

2.   The order that Petitioner seeks to modify in this action was entered on or about December 9, 2013 in the Matrimonial/IAS Part 1 of the Supreme Court of the State of New York, Jefferson County, in Cause No. 2013-00018283. A copy of this order was attached as Exhibit "A" to Petitioner's *Original Petition* in this action.

3.   On information and belief, Petitioner does not reside in the State of New York and did not reside in New York at the time he commenced this action.

4.   On information and belief, Petitioner resides in the State of Kansas.

5.   Neither Respondent, nor either child that is the subject of this action resides in the State of New York.

6.   Respondent and both children have at all times relevant to this action resided in Hunt County, Texas.

7.   Respondent and both children have resided in Hunt County, Texas for a period

1

longer than six months prior to the commencement of this action.

8. The Supreme Court of the State of New York, Jefferson County, therefore does not have continuing, exclusive jurisdiction of this action. Tex. Fam. Code § 152.203(2).

B. *Grounds for Transfer*

9. Venue is improper in this Court because the children do not (and never have) resided in Lamar County.

10. The children reside in Hunt County, Texas with Respondent.

11. Respondent was appointed as primary joint managing conservator of the children.

12. Venue is proper in, and this action should be transferred to, Hunt County, Texas. Tex. Fam. Code §§ 103.002(a), 103.003(a).

C. *Attorney's Fees and Costs*

13. It was necessary for Respondent to secure the services of David Leamon, a licensed attorney, to preserve and protect the children's rights in this action.

14. In addition, Petitioner knowingly and willfully commenced this action in a Court of improper venue for the improper purpose of harassing Respondent, causing unnecessary delay, and needlessly increasing the cost of litigation by commencing this action in a location that is over 50 miles away from Respondent's residence.

15. Petitioner had actual knowledge of Respondent's and the children's address, and therefore knew that the commencement of this action in Lamar County was improper.

16. Respondent requests an award of attorney's fees, expenses and costs pursuant to Texas Family Code Section 106.

D. *Prayer*

17. Stacey Diane Sartor prays that the Court order the transfer of this proceeding to Hunt

2

County, Texas, in accordance with the allegations of this motion.

18. Respondent prays for an award of attorney's fees, expenses and costs.

19. Respondent prays for general relief.

Respectfully submitted,

LONE STAR LEGAL AID
Military and Veterans Unit
1415 Fannin Street – 1st Floor
Houston, Texas 77002
Tel: (713) 652-0077
Fax: (713) 652-3814

By: _____
David Leamon
State Bar No. 24028025
dleamon@lonestarlegal.org
Attorney for Respondent Stacey Diane Sartor

## Notice of Hearing

The above motion is set for a hearing on _____ at _____.m. in the 6th Judicial

District Court, Lamar County, Texas.

SIGNED on _____.

_____
Judge or Clerk

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in

accordance with the Texas Rules of Civil Procedure on January 16, 2015.

_____
David Leamon
Attorney for Respondent Stacey Diane Sartor

3

I HEREBY CERTIFY THAT THE AFORESAID IS A TRUE
AND CORRECT COPY ON FILE OR OF RECORD IN THE
_6th_ JUDICIAL DISTRICT COURT, LAMAR CO., TX

SIGNED AND SEALED THIS _19_ DAY OF June
2015 A.D.

_Jennifer Frazer_
CLERK, DISTRICT COURTS, LAMAR CO., TX

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

## NO. 83894

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| A.S. AND J.S. | § | 6th JUDICIAL DISTRICT |
| | § | |
| CHILDREN | § | LAMAR COUNTY, TEXAS |

### AFFIDAVIT CONTROVERTING MOTION TO TRANSFER

Jason Sartor appeared in person before me today and stated under oath:

"My name is Jason Sartor. I am above the age of eighteen years, and I am fully competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"I am a current active member of the military. I entered the military out of Lamar County, Texas and maintain my residency there. I pay taxes out of Texas and am eligible to vote out of Texas. Texas and Lamar County remain my counties of residence. As such, Lamar County is the appropriate venue for this case. The divorce was originally done in New York, however, neither of us lives there. Ms. Sartor is currently living in Greenville and previously lived in Sulphur Springs. Texas is the appropriate state and Lamar County is the appropriate county for this case. I have been a resident of Lamar County for about 19 years."

_____
Jason Sartor

SIGNED under oath before me on  O7 January 2015 .

SGT Brock R. Rivera
Notary Public, State of Fort Riley KS

I HEREBY CERTIFY THAT THE AFORESAID IS A TRUE
AND CORRECT COPY ON FILE OR OF RECORD IN THE
_6th_ JUDICIAL DISTRICT COURT, LAMAR CO., TX

SIGNED AND SEALED THIS _19_ DAY OF _June_
_2015_ A.D.

_Jennifer Fram_
CLERK DISTRICT COURTS, LAMAR CO., TX

**NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA**

NO. <u>83894</u>

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| A.N.S. AND J.R.S. | § | 6th JUDICIAL DISTRICT |
| | § | |
| CHILDREN | § | LAMAR COUNTY, TEXAS |

FILED FOR RECORD
LAMAR COUNTY TEXAS
15 JAN 30 AM 8: 57
BY
DEPUTY
SHAWNTEL GOLDEN
DISTRICT CLERK

### ORDER SETTING HEARING ON MOTION TO TRANSFER

IT IS ORDERED that a hearing be set in the above-styled and numbered cause on the 5th day of March, 2015 at 2:00 o'clock P.m., at the

Lamar County Courthouse, 119 North Main Street, Paris, Texas 75460.

Signed this 30th day of Jan, 2015.

*Eric A. Clifford*

_____
JUDGE PRESIDING



I HEREBY CERTIFY THAT THE AFORESAID IS A TRUE
AND CORRECT COPY ON FILE OR OF RECORD IN THE
_____ JUDICIAL DISTRICT COURT, LAMAR CO., TX

SIGNED AND SEALED THIS ___ DAY OF June
2015 A.D.

_____
CLERK, DISTRICT COURTS, LAMAR CO., TX

NO. 83894

| | § | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| A.S. AND J.S. | § | 6TH JUDICIAL DISTRICT |
| | § | |
| CHILDREN | § | LAMAR COUNTY, TEXAS |

FILED FOR RECORD LAMAR COUNTY, TEXAS 2015 MR -5 PM 3:0_ BY SHAWNTEL GOLDEN DISTRICT CLERK DEPUTY

## MOTION FOR WITHDRAWAL OF COUNSEL

This Motion for Withdrawal of Counsel is brought by David Leamon, who is attorney of record for Stacey Sartor. David Leamon requests the Court to grant him permission to withdraw as attorney for Stacey Sartor in this case. In support, David Leamon shows:

Good cause exists for withdrawal of David Leamon as counsel because Ms. Sartor unilaterally contacted the court to cancel the hearing on Ms. Sartor's Motion to Transfer Venue scheduled for hearing on March 5, 2015 at 2:00 p.m. without telling Mr. Leamon she was going to do so and after she and Mr. Leamon had communicated the morning of the hearing regarding her availability via telephone. Specifically, Ms. Sartor and Mr. Leamon communicated via email the morning of the hearing regarding the inclement weather in the region, Ms. Sartor advised Mr. Leamon that she did not feel safe driving from Greenville, Texas with her children. Mr. Leamon told Ms. Sartor that he would advise the Court accordingly and instructed her to be available via telephone in case the Court had any questions. Despite knowing that Mr. Leamon was driving from Houston to Paris for the hearing, Ms. Sartor unilaterally and without notice to Mr. Leamon called the Court and cancelled the hearing. Upon learning this from the bailiff, Mr. Leamon contacted Ms. Sartor by telephone to discuss Ms. Sartor's actions, whereupon Mr. Leamon and Ms. Sartor agreed that Mr. Leamon could withdraw from the case.

Ms. Sartor is capable of adequately representing herself on the pending motion to transfer venue and confirmed to Mr. Leamon on the phone that she is capable of doing so. Therefore Ms.

Sartor will not be prejudiced as a result of Mr. Leamon's withdrawal.

The settings and deadlines, including discovery deadlines, in this case are as follows:

A hearing on the Motion to Transfer was scheduled for March, 5, 2015 at 2:00 p.m. and is to be rescheduled.

### Notice to Client

A copy of this motion has been mailed to Stacey Sartor at her last known address at: 3201

Kari Lane, Apt #512, Greenville, Texas 75402 and emailed to her at: staceysartor@gmail.com.

David Leamon prays that the Court enter an order discharging him as attorney of record

for Stacey Sartor.

Respectfully submitted,

LONE STAR LEGAL AID
1415 Fannin Street
Paris, Texas 77002
Tel: (844) 400-8387
Fax: (713) 652-3814

By:_____
David Leamon
State Bar No. 24038025
E-Mail: dleamon@lonestarlegal.org
Attorney for Stacey Sartor

### Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in

accordance with the Texas Rules of Civil Procedure on March 5, 2015.

_____
David Leamon
Attorney for Stacey Sartor

I HEREBY CERTIFY THAT THE AFORESAID IS A TRUE
AND CORRECT COPY ON FILE OR OF RECORD IN THE
_6th_ JUDICIAL DISTRICT COURT, LAMAR CO., TX

SIGNED AND SEALED THIS _19_ DAY OF _June_
_2015_ A.D.

_Jennifer Frazer_

CLERK, DISTRICT COURTS, LAMAR CO., TX

NO. 83894

| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| A.S. AND J.S. | § | 6TH JUDICIAL DISTRICT |
| CHILDREN | § | LAMAR COUNTY, TEXAS |

## ORDER ON MOTION FOR WITHDRAWAL OF COUNSEL

On _March 6, 2015_ the Court considered the Motion for Withdrawal of Counsel of David Leamon.

The Court finds that good cause exists for withdrawal of David Leamon as counsel.

The Court finds that a copy of the Motion for Withdrawal of Counsel was properly served on and delivered to Stacey Sartor, that Stacey Sartor did not to object to the motion, that Stacey Sartor consented to the motion, and that the pending settings and deadlines in the case are as follows:

Hearing on Stacey Sartor's motion to transfer venue – TBD (rescheduled from March 5, 2015 at 2:00 p.m.)

IT IS THEREFORE ORDERED that David Leamon is permitted to withdraw as counsel of record for Stacey Sartor in this case.

The Court finds that the last known mailing address of Stacey Sartor is 3201 Kari Lane, Apt #512, Greenville, Texas 75402 and ORDERS that all notices in this case shall be either delivered to Stacey Sartor in person or sent to Stacey Sartor at that address by both certified and regular first-class mail. The Court further ORDERS that David Leamon immediately notify Stacey Sartor in writing of any additional settings or deadlines of which David Leamon now has knowledge and has not already notified Stacey Sartor.

SIGNED on _3-6-15_.

_____
JUDGE PRESIDING

FILED FOR RECORD
LAMAR COUNTY, TEXAS
2015 MR -6 PM 1:34
BY_____
SHAWNTEL GOLDEN
DISTRICT CLERK
DEPUTY

I HEREBY CERTIFY THAT THE AFORESAID IS A TRUE
AND CORRECT COPY ON FILE OR OF RECORD IN THE
_____ JUDICIAL DISTRICT COURT, LAMAR CO., TX

SIGNED AND SEALED THIS _____ DAY OF _June_
_____ A.D.

_Jennifer Frazier_
CLERK, DISTRICT COURTS, LAMAR CO., TX

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

NO. 83894

| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| A.N.S. AND J.R.S. | § | 6th JUDICIAL DISTRICT |
| | § | |
| CHILDREN | § | LAMAR COUNTY, TEXAS |

## ORDER RESETTING HEARING ON MOTION TO TRANSFER

IT IS ORDERED that a hearing be set in the above-styled and numbered cause on

**the 20th day of March, 2015 at 10:00 o'clock a.m.**, at the Lamar County Courthouse,

119 North Main Street, Paris, Texas 75460.

Signed this 12th day of _____March_____, 2015.



_____
JUDGE PRESIDING

FILED FOR RECORD
LAMAR COUNTY, TEXAS
2015 MR 12 PH 2:35
SHAWNTEL GOLDEN
DISTRICT CLERK
Shawntel Boedeker
BY_____
_____DEPUTY



I HEREBY CERTIFY THAT THE AFORESAID IS A TRUE
AND CORRECT COPY ON FILE OR OF RECORD IN THE
_____ JUDICIAL DISTRICT COURT, LAMAR CO., TX

SIGNED AND SEALED THIS _____ DAY OF _____
_____ A.D.

_____
CLERK, DISTRICT COURTS, LAMAR CO., TX

NO. <u>83894</u>

| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| A.N.S. AND J.R.S. | § | 6th JUDICIAL DISTRICT |
| | § | |
| CHILDREN | § | LAMAR COUNTY, TEXAS |

## MOTION FOR PETITIONER TO APPEAR BY TELEPHONE

Comes now Jason T. Sartor, Movant, by and through his attorney of record, Jennifer Gibo, and makes this Motion for Petitioner to Appear by Telephone. Jason T. Sartor, Petitioner, a necessary party to this case, is unable to appear in person on the hearing date due to his employment. Movant is requesting that Jason T. Sartor be permitted to appear by telephone and be able to testify at the hearing on March 20, 2015, as though he appeared in person.

Wherefore, premises considered, Movant prays that the Court grant Movant's Motion for Petitioner to Appear by Telephone.

Respectfully submitted,

Law Office of Jennifer Gibo
109 1st Street SE
Paris, TX 75460
Tel: (903) 905-4964
Fax: (903) 905-4966

By:

Jennifer Gibo
State Bar No. 24032343
jgibolaw@gmail.com
Attorney for Petitioner



FILED FOR RECORD
LAMAR COUNTY, TEXAS
2015 MR 12 PM 2: 35
SHAWNTEL GOLDEN
DISTRICT CLERK
BY Kristen Boehler
DEPUTY

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on _____ 3 - 12 _____, 2015.

_____
Jennifer Gibo
Attorney for Jason T. Sartor

I HEREBY CERTIFY THAT THE AFORESAID IS A TRUE
AND CORRECT COPY ON FILE OR OF RECORD IN THE
_____ JUDICIAL DISTRICT COURT, LAMAR CO., TX

SIGNED AND SEALED THIS ___ DAY OF ___

2015 A.D.

_____
CLERK, DISTRICT COURTS, LAMAR CO., TX

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

## NO. <u>83894</u>

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| A.N.S. AND J.R.S. | § | 6TH JUDICIAL DISTRICT |
| | § | |
| CHILDREN | § | LAMAR COUNTY, TEXAS |

### ORDER DENYING MOTION TO TRANSFER

On March 20, 2015 the Court heard the Motion to Transfer filed by Stacey Diane Sartor.

The Court, after considering the pleadings and hearing the evidence and argument of counsel, finds that the Motion to Transfer should be denied.

SIGNED on <u>May 5, 2015</u>.

<u>_____</u>
JUDGE PRESIDING



FILED FOR RECORD
LAMAR COUNTY, TEXAS
2015 MAY -5 P 3: 36
SHANNEL GOLDEN
DISTRICT CLERK
BY
Kristen Boehler
DEPUTY



I HEREBY CERTIFY THAT THE AFORESAID IS A TRUE
AND CORRECT COPY ON FILE OR OF RECORD IN THE
_____ JUDICIAL DISTRICT COURT, LAMAR CO., TX

SIGNED AND SEALED THIS ___ DAY OF _____
_____ A.D.

_____
CLERK, DISTRICT COURTS, LAMAR CO., TX

VOLUME __ OF __

CAUSE NO. 83894

| | | |
|---|---|---|
| IN THE INTEREST OF | * | IN THE DISTRICT COURT |
| | * | |
| A.S. and J.S, | * | LAMAR COUNTY, TEXAS |
| | * | |
| MINOR CHILDREN | * | 6TH JUDICIAL DISTRICT |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

STATEMENT OF FACTS

MARCH 20, 2015

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On the 20th day of March, 2015 the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Judge Clifford, Judge Presiding, held in Paris, Lamar County, Texas:

Reported by Oral Stenography.

A P P E A R A N C E S

MS. JENNIFER GIBO

SBNO: 24032343

109 1st Southeast

Paris, Texas 75460

INDEX

APPEARANCES                                    2

INDEX                                          3

END OF PROCEEDINGS                            21

REPORTER'S CERTIFICATE                        22

LASER BOND FORM B ⊕ PENGAD • 1-800-631-6989 • www.pengad.com

CHRONOLOGICAL WITNESS INDEX

| NAME | DIRECT | CROSS |
|------|--------|-------|
| JEFF SARTOR | 7 | 10 |
| STACEY SARTOR 12 | | |

LASER BOND FORM B · PENGAD · 1-800-631-6989 · www.pengad.com

PROCEEDINGS

(Open court.)

THE COURT: This is Cause Number 83894, in the interest of A.S. and J.S., minor children.

Mrs. Gibo, if y'all will come up here, please.

MS. GIBO: Now, Your Honor, if you'll recall I asked that my client be able to appear by telephone because he was here last time and then Mrs. Sartor -- was not able to be here and my client had to go back to Kansas.

THE COURT: Okay.

MS. GIBO: So we filed a motion requesting that he be able to appear by telephone.

THE COURT: We will allow him to appear by telephone.

MS. GIBO: Okay. So I will need to call him then and --

THE COURT: Get him on the phone.

Now who is filing what in this?

MS. GIBO: We have filed a motion to transfer an out-of-court order, Your Honor. The order was originally done in New York. Mrs. Sartor lives in Hunt County now. She moved there from Hopkins County.

THE COURT: Okay.

MS. GIBO: We filed this -- my client lives

in -- he is with the military. He went into the military out of Lamar County. Lamar County is still his county of residence. He is in Kansas at this point --

THE COURT: I understand.

MS. GIBO: -- with the military; but he is out of Lamar County. We are asking that the case be in Lamar County.

Mrs. Sartor, I believe, is asking that it transfer to Hunt County, or in the alternative Hopkins County because when we filed this she had been living in Hopkins. She hadn't been living in Hunt County for six months at the time that we filed this motion.

THE COURT: She had not?

MS. GIBO: Had not.

THE COURT: Okay.

MS. GIBO: So we are wanting it here in Lamar County because my client is the only person who hasn't actually moved. He was in Lamar County at the time we did this in New York. He's in Lamar County still.

THE COURT: Get him on the phone.

MS. GIBO: And, Your Honor, we have some witnesses here, his family, who is also from Lamar County.

THE COURT: Do you want to get him on the

phone right now or do you want to take these other witnesses?

MS. GIBO: We could do the other witnesses first, Your Honor.

THE COURT: Let's get the other witnesses first.

Ma'am, have a seat at that table there. There's a microphone there. Talk into it.

THE COURT: Okay. Mrs. Gibo, your first witness?

MS. GIBO: Your Honor, I call Jeff Sartor.

JEFF SARTOR,

The witness, having been duly sworn, was examined and testified as follows:

DIRECT EXAMINATION

BY MS. GIBO:

Q. Mr. Sartor, could you please state your name for the record?

A. My name is Jeffrey Alan Sartor.

Q. What is your relationship to your son?

A. He's my oldest boy, Travis -- Jason Travis.

THE COURT: That's a good question, Mrs. Gibo.

MS. GIBO: I know. Well, I can give you the background but I wanted to make sure --

THE COURT: Okay.

Q. (By Ms. Gibo) Okay. You threw me when you introduced your brother, Jason, given that your son's name is Jason.

A. That's who he's named after.

Q. I see. Okay. Have you known your son his whole life -- I'm teasing, I'm sorry.

Okay. So you live here in Lamar County?

A. Actually we do not any longer. We live in Gregg County.

Q. In where?

A. Gregg -- actually our --

Q. Gregg County.

A. Gregg County. We actually have a mailing address in Henderson, Texas which is just -- they're just right adjacent to.

Q. At the time in which your son signed up for the military --

A. Yes.

Q. -- where was he living?

A. Lamar County.

Q. And to your knowledge does your son continue to pay his taxes out of Lamar County?

A. Yes.

Q. And so to your knowledge is this -- Lamar

County -- is your son's residence?

A. Yes.

Q. Okay. And you understand that although he's in the military and living in Kansas he has continued to maintain Texas and Lamar County as his --

A. Home of residence.

Q. -- residence?

A. Yes.

Q. Okay. Now, you know we're here today to see about which is the proper venue for this hearing regarding your grandchildren?

A. Yes, I do.

Q. Do you have visitation with your grandchildren? Do you get to see them?

A. We do. We haven't seen them since November. It's not visitation; it's just whenever we get an opportunity to see them.

Q. Certainly you've seen your son with his children?

A. Absolutely.

Q. And so you can speak as to how -- what kind of father he is and that sort of thing?

A. Yes, I can.

Q. So Lamar County would be an appropriate venue for this hearing?

A.   It would.

Q.   All right.  Thank you.

MS. GIBO:  I'll pass the witness, Your Honor.

THE COURT:  Any questions, ma'am.

MRS. SARTOR:  Yes, sir.

CROSS EXAMINATION

BY MRS. SARTOR:

Q.   Are you aware that your son owns property in New York currently right now?

A.   Actually that land is in foreclosure.

Q.   Yes, sir.  I have right here where it says the husband and wife owned the property located in Jefferson County, New York, during the time of the divorce.  I have right here, printed off right now -- printed off yesterday --

MS. GIBO:  Your Honor --

Q.   (By Mrs. Sartor) -- that the house was never sold.

THE COURT:  Ma'am, wait a minute.

MS. GIBO:  I'm going to object.  Mrs. Sartor is testifying rather than asking questions.  And I'm also going to question the relevance.

THE COURT:  Okay.  You'll get a chance to --

MRS. SARTOR: Okay. Yes, sir. But he does know that we bought a house together in New York.

THE COURT: Okay.

THE WITNESS: I do know that.

THE COURT: Ma'am, I'm going to advise you that when someone joins the military they designate their home address.

MRS. SARTOR: Yes, sir. I was also in the military. I was in the Army. When he joined the military out of Lamar County he joined the National Guard. I was active duty. We were stationed in New York together. He had to back out of National Guard from New York and join active duty from New York to go to Kansas. He was stationed in New York originally and was changed to Kansas after we moved to Texas.

MS. GIBO: And, Your Honor, of course our argument is that he has designated Texas as his home state.

THE COURT: Ma'am, it's where they entered and where they designate. They may move all over the country but if I join the Army when I'm 18 here and I designate this as my residence, it stays my residence until I change the records and designate another home address.

MRS. SARTOR: Yes, sir. I have where it

says when we signed the VA loan that is says we had to make New York State -- and pay taxes to New York State -- which it also says in the divorce decree we have to pay taxes to New York State. We have to make it the state -- -- in order to sign the loan on the house through the VA, which is military.

THE COURT: Well --

MRS. SARTOR: They were aware that you move around, but they say it has to be New York.

THE COURT: Okay. I will listen to you in just a moment.

MRS. SARTOR: Yes, sir.

THE COURT: Go ahead, Mrs. Gibo.

MS. GIBO: Your Honor, I would pass the witness.

THE COURT: Do you have any questions, ma'am?

MRS. SARTOR: No, sir, no further questions.

MS. GIBO: Your Honor, I would call Mrs. Sartor.

STACEY SARTOR,

The witness, having been duly sworn, was examined and testified as follows:

DIRECT EXAMINATION

BY MS. GIBO:

Q.    Mrs. Sartor --

A.    Yes, ma'am.

Q.    -- where are you currently living?

A.    I live in Hunt County with my children.

Q.    Okay.  When did you move there?

A.    I moved there in -- we just resigned the lease. We've already lived there for seven months.

Q.    When did you move there?

A.    Seven months ago -- from today's date seven months ago, ma'am.

Q.    Okay.  So you --

A.    Today's March --

Q.    Hold on.  I'm going to look on my calendar. Give me just a moment.  So in September?

A.    Yes, ma'am.

Q.    Okay.  Now, before that where did you live?

A.    We lived in Hopkins County because we moved to Texas because -- I'm not even from Texas at all.  Me and Travis made an agreement that we would both live in Texas and raise our children in Texas.

Q.    Okay.  So where did you live prior to Hunt County?

A.    In Hopkins County, ma'am.

Q.    Okay.  How long did you live in Hopkins County?

A.   For a year.

Q.   Okay.   And when was that?   Can you give me a date?

A.   Well, January 1 we moved to Texas in general so I guess we lived there for three months.   So it would be around April -- around April of 2013.

Q.   Okay.   Where did you live before that?

A.   We lived in New York, ma'am.

Q.   When did you guys divorce?

A.   We divorced December of 2013, when I was already in Texas.

Q.   Okay.   And what is your home state?

A.   My home state is Pennsylvania.

Q.   Okay.   And are you still in the military?

A.   No, ma'am.

Q.   So as we sit here today your home state now is Texas?

A.   Yes, ma'am.

Q.   Okay.   Because you've been in Texas for longer than six months?

A.   Yes, ma'am.   Both my children are Texans so --

Q.   Okay.   Now, you don't do your taxes with Mr. Sartor, obviously?

A.   No, ma'am, not anymore.

Q.   Okay.   When was the last time that you guys

filed a joint return?

A.   We filed together in New York the year after we purchased the house so in 2012 -- in the spring of 2012 we filed taxes in New York through H&R Block.

Q.   Now, you understand that we filed this petition in October of 2014, correct?

A.   Yes, ma'am.

Q.   And at the time that we filed this petition you had been living in Hunt County for -- by your reckoning -- about a month?

A.   We would've been there for five months, so it wasn't quite six months.

Q.   You said that you moved to --

A.   When you filed it, I'm sorry -- so, yes.  When you filed -- I wasn't aware that you filed it under months afterwards because he filed it with the wrong address.  He had already had our addresses as Hunt County but he sent it to the one in Sulphur Springs.

Q.   And at the time that we filed it you had been living in Hunt County for less than a month, correct?

A.   Yes, ma'am.

Q.   Okay.  And had been living in Hopkins County prior to that?

A.   Yes, ma'am.

Q.   Okay.  So, really the argument is coming down

to whether Hopkins County is the correct venue or Lamar County?

A. Absolutely, ma'am, yes. I believe it should be where the kids are and where they're going to be, in Hunt County forever. I've been adopted there.

Q. You understand that because this was filed prior to you being --

A. So it should've been in Hopkins, if it wasn't transferred to Hunt, yes, ma'am.

Q. Well, Hopkins County or Lamar County, that is the argument, right?

A. I would never -- we have no connection to Lamar County so I wouldn't see -- and every lawyer I've talked to says it should not be in Lamar County because he doesn't live here.

MS. GIBO: Objection, Your Honor, hearsay.

THE COURT: Ma'am, just answer the questions.

THE WITNESS: Yes, sir.

Q. (By Ms. Gibo) How long were you in Hopkins County?

A. I was in Hopkins County for over a year so --

Q. Okay. All right.

Now --

MS. GIBO: Pass the witness.

THE COURT: Do you have anything you want to tell me, ma'am?

MRS. SARTOR: Sir, I think even a basic case -- it should always be where the kids live and where they're going to live. He's not around. I mean -- we changed one court date and he's still not able to be here. Like, he's not been around for the children. It should be in the best interest of the children where it's at. It should be long-term care for them, which should be where they live.

THE COURT: Well --

MRS. SARTOR: He hasn't taken any responsibility as a father, whatsoever. Jason, my son --

MS. GIBO: Your Honor, I would --

THE COURT: Ma'am --

MS. GIBO: -- object to that testimony as, first of all, mischaracterizing any evidence --

THE COURT: Do you have any other witnesses?

MS. GIBO: Yes, Your Honor. I could call Mr. Sartor but we'd have to get him on the phone.

THE COURT: I don't think I'm going to need any more witnesses here.

MS. GIBO: Your Honor, may I make a brief statement?

THE COURT: Yes.

MS. GIBO: Okay. Mr. Sartor is in the military. It takes him away from his family for large chunks of time. That's the sacrifice that people that are in the military make. He is -- has the home state of Lamar County, Texas. He has had that home state of Lamar County, Texas.

Mrs. Sartor has moved from one place to another. The proper venue for this case would be in Lamar County because he has remained with this -- as his home state while Mrs. Sartor has moved from New York to Hopkins to Hunt County. There isn't going to be a lot of evidence about the children in Hunt County. There isn't going to be a lot of evidence about the children in Hopkins County. They lived for a year in Hopkins County. They lived seven months in Hunt County.

We have family. We have connections here. This is Mr. Sartor's home state. I would ask that it be in Lamar County, Your Honor.

MRS. SARTOR: Sir, can I speak please?

THE COURT: Ma'am, do you have anything you want to tell me?

MRS. SARTOR: Yes. Mr. Sartor and his current wife or girlfriend -- he won't tell me which -- have stated they are never returning to Texas ever again.

They intend to return to New York --

MS. GIBO: Objection, Your Honor, hearsay.

THE COURT: Ma'am, we're only talking about -- he still has Lamar County as his place of residence.

MRS. SARTOR: Yes, sir. But the kids -- also they go to church every single week. They have daycare -- all the information --

THE COURT: Ma'am, we are talking only about which court is going to hear this matter.

MRS. SARTOR: Yes, sir.

THE COURT: And I don't know what this matter is. It's some sort of motion to modify. I haven't looked at the file.

MRS. SARTOR: Yes, sir. I understand. If he has never even had the kids -- he's never had visitation with the kids. He doesn't have information about the kids.

THE COURT: Well, that will come up at --

MRS. SARTOR: Yes, sir.

THE COURT: -- the hearing on the motion to modify. I'm trying to deny the motion to transfer. Anything that's going to be heard is going to be heard in my court here in Lamar County, Texas.

MS. GIBO: Your Honor, we filed a motion to transfer it here to Lamar County.

THE COURT: Then I'm going to grant it. I'm going to grant it.

MS. GIBO: Thank you.

THE COURT: So it's going to be in this court.

Now, I would highly recommend you retain an attorney. We will hear the case on its merits -- Mrs. Gibo, you might go ahead and get a --

MS. GIBO: Your Honor, I'm going to have to talk to my client and see what he is --

THE COURT: Okay. Let's go ahead and get this set.

Ma'am, I want you to go hire you an attorney. You're going to need one.

MRS. SARTOR: Yes, sir. But I mean I think it is illegal that he has this home in New York and he's supposed to be filing taxes in New York and he's not.

THE COURT: He is still designated Lamar County --

MRS. SARTOR: We were instructed to change that. We were instructed when we signed the loan to change to New York.

THE COURT: When you join the military it is your home county where -- when you join -- that remains your home county.

MRS. SARTOR: He had to rejoin when -- we had to rejoin from New York. He had to rejoin active duty from New York so --

THE COURT: Well, at this point in time I'm going to grant the motion to transfer. It's going to be heard in this court. That will conclude this matter.

MRS. SARTOR: Yes, sir. And I'm going to find out if that's illegal, because I'm pretty sure it is.

(End of proceedings.)

THE STATE OF TEXAS    )

COUNTY OF LAMAR        )


I, Terry Spangler, Official Reporter in and for the 6th Court of Lamar, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in that above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.


I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.


WITNESS MY OFFICIAL HAND this the 18th day of June, 2015.



Terry Bryant-Spangler
CSR:  7737
Expiration: 12/16
833 CR 33100
Sumner, Texas 75486

LASER BOND FORM B   ⊕   PENGAD • 1-800-631-6989 • www.pengad.com

Sec. 155.201. MANDATORY TRANSFER. (a) On the filing of a motion showing that a suit for dissolution of the marriage of the child's parents has been filed in another court and requesting a transfer to that court, the court having continuing, exclusive jurisdiction of a suit affecting the parent-child relationship shall, within the time required by Section 155.204, transfer the proceedings to the court in which the dissolution of the marriage is pending. The motion must comply with the requirements of Section 155.204(a).

(b) If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

(c) If a suit to modify or a motion to enforce an order is pending at the time a subsequent suit to modify or motion to enforce is filed, the court may transfer the proceeding as provided by Subsection (b) only if the court could have transferred the proceeding at the time the first motion or suit was filed.

Added by Acts 1995, 74th Leg., ch. 20, Sec. 1, eff. April 20, 1995. Amended by Acts 1999, 76th Leg., ch. 1135, Sec. 1, eff. Sept. 1, 1999.
Amended by:
Acts 2005, 79th Leg., Ch. 916 (H.B. 260), Sec. 14, eff. June 18, 2005.

Sec. 155.203.  DETERMINING COUNTY OF CHILD'S RESIDENCE.  In computing the time during which the child has resided in a county, the court may not require that the period of residence be continuous and uninterrupted but shall look to the child's principal residence during the six-month period preceding the commencement of the suit.

Added by Acts 1995, 74th Leg., ch. 20, Sec. 1, eff. April 20, 1995.

Sec. 155.204.  PROCEDURE FOR TRANSFER.  (a)  A motion to transfer under Section 155.201(a) may be filed at any time.  The motion must contain a certification that all other parties, including the attorney general, if applicable, have been informed of the filing of the motion.

(b)  Except as provided by Subsection (a) or Section 262.203, a motion to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are filed.  A motion to transfer by another party is timely if it is made on or before the first Monday after the 20th day after the date of service of citation or notice of the suit or before the commencement of the hearing, whichever is sooner.

(c)  If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall, not later than the 21st day after the final date of the period allowed for the filing of a controverting affidavit, be transferred without a hearing to the proper court.

(d)  On or before the first Monday after the 20th day after the date of notice of a motion to transfer is served, a party desiring to contest the motion must file a controverting affidavit denying that grounds for the transfer exist.

(e)  If a controverting affidavit contesting the motion to transfer is filed, each party is entitled to notice not less than 10 days before the date of the hearing on the motion to transfer.

(f)  Only evidence pertaining to the transfer may be taken at the hearing.

(g)  If the court finds after the hearing on the motion to transfer that grounds for the transfer exist, the proceeding shall be transferred to the proper court not later than the 21st day after the date the hearing is concluded.

(h)  An order transferring or refusing to transfer the proceeding is not subject to interlocutory appeal.

(i)  If a transfer order has been signed by a court exercising jurisdiction under Chapter 262, a party may file the

transfer order with the clerk of the court of continuing, exclusive jurisdiction. On receipt and without a hearing, the clerk of the court of continuing, exclusive jurisdiction shall transfer the files as provided by this subchapter.

Added by Acts 1995, 74th Leg., ch. 20, Sec. 1, eff. April 20, 1995. Amended by Acts 1999, 76th Leg., ch. 1150, Sec. 1, eff. Sept. 1, 1999; Acts 1999, 76th Leg., ch. 1390, Sec. 14, eff. Sept. 1, 1999.
Amended by:
        Acts 2005, 79th Leg., Ch. 916 (H.B. 260), Sec. 15, eff. June 18, 2005.

# Rule 21. Filing and Serving Pleadings and Motions (2014)

## TEXT

(a) *Filing and Service Required.* Every pleading, plea, motion, or application to the court for an order, whether in the form of a motion, plea, or other form of request, unless presented during a hearing or trial, must be filed with the clerk of the court in writing, must state the grounds therefor, must set forth the relief or order sought, and at the same time a true copy must be served on all other parties, and must be noted on the docket.

(b) *Service of Notice of Hearing.* An application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, must be served upon all other parties not less than three days before the time specified for the hearing, unless otherwise provided by these rules or shortened by the court.

(c) *Multiple Parties.* If there is more than one other party represented by different attorneys, one copy of each pleading must be served on each attorney in charge.

(d) *Certificate of Service.* The party or attorney of record, must certify to the court compliance with this rule in writing over signature on the filed pleading, plea, motion, or application.

(e) *Additional Copies.* After one copy is served on a party, that party may obtain another copy of the same pleading upon tendering reasonable payment for copying and delivering.

(f) *Electronic Filing.*

(1) Requirement. Except in juvenile cases under Title 3 of the Family Code, attorneys must electronically file documents in courts where electronic filing has been mandated. Attorneys practicing in courts where electronic filing is available but not mandated and unrepresented parties may electronically file documents, but it is not required.

(2) Email Address. The email address of an attorney or unrepresented party who electronically files a document must be included on the document.

(3) Mechanism. Electronic filing must be done through the electronic filing manager established by the Office of Court Administration and an electronic filing service provider certified by the Office of Court Administration.

(4) Exceptions.

(A) Wills are not required to be filed electronically.

(B) The following documents must not be filed electronically:

(i) documents filed under seal or presented to the court in camera; and

(ii) documents to which access is otherwise restricted by law or court order.

(C) For good cause, a court may permit a party to file other documents in paper form in a particular case.

(5) Timely Filing. Unless a document must be filed by a certain time of day, a document is considered timely filed if it is electronically filed at any time before midnight (in the court's time zone) on the filing deadline. An electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider, except:

(A) if a document is transmitted on a Saturday, Sunday, or legal holiday, it is deemed filed on the next day that is not a Saturday, Sunday, or legal holiday; and

(B) if a document requires a motion and an order allowing its filing, the document is deemed filed on the date that the motion is granted.

(6) Technical Failure. If a document is untimely due to a technical failure or a system outage, the filing party may seek appropriate relief from the court. If the missed deadline is one imposed by these rules, the filing party must be given a reasonable extension of time to complete the filing.

(7) Electronic Signatures. A document that is electronically served, filed, or issued by a court or clerk is considered signed if the document includes:

(A) a "/s/" and name typed in the space where the signature would otherwise appear, unless the document is notarized or sworn; or

(B) an electronic image or scanned image of the signature.

(8) Format. An electronically filed document must:

(A) be in text-searchable portable document format (PDF);

(B) be directly converted to PDF rather than scanned, if possible;

(C) not be locked; and

(D) otherwise comply with the Technology Standards set by the Judicial Committee on Information Technology and approved by the Supreme Court.

(9) Paper Copies. Unless required by local rule, a party need not file a paper copy of an electronically filed document.

(10) Electronic Notices From the Court. The clerk may send notices, orders, or other communications about the case to the party electronically. A court seal may be electronic.

(11) Non-Conforming Documents. The clerk may not refuse to file a document that fails to conform with this rule. But the clerk may identify the error to be corrected and state a deadline for the party to resubmit the document in a conforming format.

(12) Original Wills. When a party electronically files an application to probate a document as an original will, the original will must be filed with the clerk within three business days after the application is filed.

(13) Official Record. The clerk may designate an electronically filed document or a scanned paper document as the official court record. The clerk is not required to keep both paper and electronic versions of the same document unless otherwise required by local rule. But the clerk must retain an original will filed for probate in a numbered file folder.

Amended by order of Dec. 13, 2013, eff. Jan. 1, 2014.

Comment to 2013 Change: Rule 21 is revised to incorporate rules for electronic filing, in accordance with the Supreme Court's order - Misc. Docket No. 12-9206, amended by Misc. Docket Nos. 13-9092 and 13-9164 -

mandating electronic filing in civil cases beginning on January 1, 2014. The mandate will be implemented according to the schedule in the order and will be completed by July 1, 2016. The revisions reflect the fact that the mandate will only apply to a subset of Texas courts until that date.

# Rule 21a. Methods of Service (2014)

**TEXT**

(a) *Methods of Service.* Every notice required by these rules, and every pleading, plea, motion, or other form of request required to be served under Rule 21, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules, may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record in the manner specified below:

(1) Documents Filed Electronically. A document filed electronically under Rule 21 must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager. If the email address of the party or attorney to be served is not on file with the electronic filing manager, the document may be served on that party or attorney under subparagraph (2).

(2) Documents Not Filed Electronically. A document not filed electronically may be served in person, by mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct.

(b) *When Complete.*

(1) Service by mail or commercial delivery service shall be complete upon deposit of the document, postpaid and properly addressed, in the mail or with a commercial delivery service.

(2) Service by fax is complete on receipt. Service completed after 5:00 p.m. local time of the recipient shall be deemed served on the following day.

(3) Electronic service is complete on transmission of the document to the serving party's electronic filing service provider. The electronic filing manager will send confirmation of service to the serving party.

(c) *Time for Action After Service.* Whenever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

(d) *Who May Serve.* Notice may be served by a party to the suit, an attorney of record, a sheriff or constable, or by any other person competent to testify.

(e) *Proof of Service.* The party or attorney of record shall certify to the court compliance with this rule in writing over signature and on the filed instrument. A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service. Nothing herein shall preclude any party from offering proof that the document was not received, or, if service was by mail, that the document was not received within three days from the date that it was deposited in the mail, and upon so finding, the court may extend the time for taking the action required of such party or grant such other relief as it deems just.

(f) *Procedures Cumulative.* These provisions are cumulative of all other methods of service prescribed by these rules.

Amended by order of Dec. 13, 2013, eff. Jan. 1, 2014.

Comment to 2013 Change: Rule 21a is revised to incorporate rules for electronic service in accordance with the Supreme Court's order - Misc. Docket No. 12-9206, amended by Misc. Docket Nos. 13-9092 and 13-9164 - mandating electronic filing in civil cases beginning on January 1, 2014.

*Appendix C:* Affidavit of Jennifer Gibo

Jennifer Gibo appeared in person before me today and stated under oath:

"My name is Jennifer Gibo. I am above the age of eighteen years and I am fully competent to make this affidavit. I am the attorney representing Real Party in Interest, Jason Sartor, in this Response to Writ of Mandamus. I am licensed to practice law in the State of Texas. I have thoroughly reviewed the Court's file in this matter. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"I am an attorney in good standing practicing out of Lamar County, Texas. I have been practicing family law for approximately 12 years. I have put over 15 hours into responding to this Mandamus. I bill at $200.00 per hour, which is a reasonable and standard fee in this area for a lawyer of my experience. I have billed my client $3000.00 for responding to this Mandamus. This was a reasonable and necessary expense as a response was required to this Mandamus.

_____
Jennifer Gibo

Signed under oath before me on ____June 22, 2015____ .

JUDY FLOYD
Notary Public, State of Texas
My Commission Expires
September 18, 2017

_____
Notary Public, State of Texas

25